## DEHTIAR *v.* MIETKOWSKI.

1. TORTS—COURTS—WORKMEN'S COMPENSATION DEPARTMENT—CONSPIRACY.

Whether or not plaintiff's personal injuries which he alleged to be due to tortious conduct of conspiratorial fellow employees that defendant employer neglected to restrain but which he claimed were not work-connected actually arose out of and in the course of employment is a matter properly for determination of the workmen's compensation department if such forum is available to plaintiff, not a court in action for tort against the employer and the fellow employees.

2. SAME—CONSPIRACY—PARTIES.

An employer who is not a coconspirator with some employees to harm another employee is a stranger to a tort growing out of the conspiracy.

3. MASTER AND SERVANT—POLITICALLY ORIENTED CONFLICT BETWEEN FELLOW EMPLOYEES.

The fact that defendant employer was told of a conspiracy by defendant conspiratorial fellow employees of plaintiff imposed no duty upon the employer to become policeman or arbiter in its employees' conflict of political views which concededly was not work-connected and where it is not alleged defendant employer knew of the propensities, inclinations, and tendencies for force and violence of such fellow employees, no liability may be imposed upon the employer for their tortious conduct.

4. SAME—SAFE PLACE TO WORK—POLICING OF PRIVATE DISPUTES AMONG EMPLOYEES.

An employer's duty to furnish a reasonably safe place to work and to furnish reasonably safe tools and appliances does not extend to include policing private disputes of employees concededly not work-connected.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 266.
[2, 3] 35 Am Jur, Master and Servant §§ 334, 340.
[4] 35 Am Jur, Master and Servant § 358.

Appeal from Wayne; Fitzgerald (Neal), J. Submitted December 4, 1963. (Calendar No. 117, Docket No. 49,805.) Decided April 6, 1964. Rehearing denied May 4, 1964.

Case by Pavlo Dehtiar against George Mietkowski, Fred Fedorenko and Bendix Aviation Corporation, a foreign corporation, for personal injuries caused by, conspiracy of fellow employees. Action against defendant employer Bendix dismissed on motion. Plaintiff appeals. Affirmed.

*Stephen G. Lucky,* for plaintiff.

*Alexander, Buchanan & Conklin* (*Floyd S. Westcott,* of counsel), for defendant Bendix Aviation Corporation.

SMITH, J. This is an appeal from an order dismissing the Bendix Corporation as a party defendant. Plaintiff-appellant, Pavlo Dehtiar, and defendants George Mietkowski and Fred Fedorenko, were employees of Bendix at the time the alleged cause of action arose.

Plaintiff's amended declaration contains 2 counts. Count 1 alleges in substance that George Mietkowski and Fred Fedorenko on or about February 1, 1955, became greatly incensed because plaintiff would not adhere to certain of their political views described as "extreme and radical." It is alleged that as a result of plaintiff's refusal to adhere to these views a conspiracy was entered into by Mietkowski and Fedorenko "to interfere with, harass, abuse, transgress, trespass, invade, destroy, and damage the plaintiff's rights, privileges, property and privacy." Plaintiff alleges that he was so advised and that he "immediately advised the corporation of the said conspiracy."

Plaintiff further alleges that the Bendix "refused and/or neglected to properly warn, restrain, prohibit, and prevent the conspirators from carrying out their conspiracy." He says that Mietkowski and Fedorenko, beginning at the time of the conspiracy, continued to interfere with, harass, abuse, et cetera, and damaged plaintiff's rights, "both while he was working at the plant and at other times," causing plaintiff injury and damage.

Bendix is liable, plaintiff says, for the tortious conduct of Mietkowski and Fedorenko because the Bendix "refused and/or neglected to properly warn, restrain, prohibit, and prevent the conspirators from carrying out their conspiracy." Liability of the Bendix is further claimed because it "hired, utilized, and brought into its plant the conspirators who had propensities, inclinations, and tendencies for force and violence." Plaintiff alleges that his injuries did not arise out of and in the course of his employment but were completely independent thereof.

Count 2 of the declaration alleges the liability of Bendix to be based upon the breach of "an expressed and/or implied agreement" to provide plaintiff with a safe place to work. Plaintiff says his injuries occasioned by Mietowski and Fedorenko "were the result" of the alleged breach.

On appeal, plaintiff argues that the "malicious attacks" of Mietkowski and Fedorenko were the result of the alleged conspiracy, that they were personal and in no way work-connected. In his eagerness to escape the provisions of the workmen's compensation act, and thereby pursue this action in tort, he cites many cases tending to show what is not covered by the compensation act. One would find little to argue with in the quoted cases. However, after review of said cases, plaintiff invites the ruling that his injuries were not work-connected.

Based upon the bare allegations of plaintiff's declaration we cannot and should not venture an answer as to whether or not such arose out of and in the course of employment. This is more properly a matter for determination of the workmen's compensation department, if such forum is yet available to plaintiff.

The question which must be answered is whether plaintiff has stated a cause of action against Bendix. It is to be noted that plaintiff does not allege that Bendix was a coconspirator. Plaintiff merely charges Bendix with knowledge of an alleged conspiracy and asserts a duty on the part of Bendix to "warn, restrain, prohibit, and prevent the conspirators from carrying out their conspiracy." Both plaintiff and defendant Bendix advise that no case in point has been found. Neither have we succeeded where they have failed.

However, by analogy with conspiracy cases, it would seem that an employer who is not a coconspirator with some employees to harm another employee is stranger to a tort growing out of the conspiracy. In 1 such case, *Bahr* v. *Miller Brothers Creamery*, 365 Mich 415, it was held that action against a corporate defendant could not be sustained in the absence of showing that the corporation actively participated in the conspiracy. In the instant case, there is no claim that Bendix was a coconspirator, either active or passive. That Bendix was told of the conspiracy imposed no duty upon said corporation to become policeman or arbiter in its employees' conflict which concededly was not work-connected.

But then plaintiff also alleges that Bendix is liable because it hired, utilized and brought into its plant men who have "propensities, inclinations, and tendencies for force and violence." It is not alleged that Bendix knew or should have known of such propensities. Without this crucial allegation, the

quoted part of the declaration also fails to set forth a basis for liability. *Bradley* v. *Stevens,* 329 Mich 556, 563 (34 ALR2d 367).

This leaves the allegation in count 2 that Bendix failed to provide a safe place to work. In the context of allegations in plaintiff's declaration, the safe place to work would consist of a place in which Mietkowski and Fedorenko would not be permitted to abuse, harass, transgress, et cetera, rights, privileges, property, and privacy of plaintiff. Unquestionably, an employer has a duty to furnish a reasonably safe place to work and to furnish reasonably safe tools and appliances. *Judis* v. *Borg-Warner Corp.,* 339 Mich 313. However, the safe-place-to-work doctrine has not yet been extended to include policing private disputes of employees concededly (also in count 2) not work-connected. We find no reason or authority for extending the doctrine.

Affirmed. Costs to appellee.

Kavanagh, C. J., and Dethmers, Kelly, Black, Souris, and O'Hara, JJ., concurred.

Adams, J., took no part in the decision of this case.