HERMAN v. THEIS.

1. WORKMEN'S COMPENSATION—EXCLUSIVE REMEDY.

Recovery of workmen's compensation benefits under the workmen's compensation act is the exclusive remedy of the employee against the employer where the conditions of liability under the act exist (CL 1948, § 411.4).

2. SAME—LEGISLATIVE INTENT.

Legislative intent in creating the workmen's compensation act was to provide compensation to employees for injury arising out of and in the course of employment (CL 1948, § 411.1 et seq., as amended).

3. SAME—JURISDICTION OF COMPENSATION DEPARTMENT.

Issues concerning injuries and whether they grew out of and in the course of the employment relationship are exclusively within the purview of the workmen's compensation department, and the merits of such a claim are to be first evaluated by the department.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 4, 9] 58 Am Jur, Workmen's Compensation § 48.
[2, 7] 58 Am Jur, Workmen's Compensation § 2.
[3, 10] 58 Am Jur, Workmen's Compensation §§ 48, 370, 371.
[5, 6] 58 Am Jur, Workmen's Compensation § 374.
[8] 58 Am Jur, Workmen's Compensation § 50 et seq.

4. SAME—EXCLUSIVENESS—CONDITIONS OF LIABILITY.

Jurisdiction of the determination of issues concerning exclusiveness and conditions of liability of workmen's compensation must lie initially with the compensation department and a plaintiff may not waive the jurisdiction by commencing an action at law stating that the statute providing that compensation be paid to persons who sustained injuries arising out of and in the course of employment does not apply (CL 1948, §§ 412.12, 413.16).

5. SAME—JURISDICTION—LIABILITY—EMPLOYMENT RELATIONSHIP.

Plaintiff's remedy against an employer based on an injury allegedly arising out of an employment relationship properly belongs within the workmen's compensation department for initial determination of jurisdiction and liability, and to permit a plaintiff to proceed by an action in circuit court would be to deny the employer the right to have his liability as an employer determined in the forum established by statute to determine it (CL 1948, §§ 412.1, 413.16).

6. SAME—JURISDICTION—QUESTION OF FACT.

The question whether an employee's injury arose out of and in the course of his employment, and thus whether the workmen's compensation department has exclusive jurisdiction, is a question of fact to be determined by the department, not one of law (CL 1948, §§ 412.1, 413.16).

7. SAME—PURPOSE OF ACT.

Workmen's compensation act was created particularly to remove the common-law negligence action against employers from the courts and to assist employees (CL 1948, § 411.1 *et seq.*, as amended).

8. SAME—FAILURE TO RECOVER UNDER ACT—COMMON-LAW ACTION.

An employee who, for any valid reason, cannot recover compensation from the employer under the workmen's compensation act, based on the employment relationship, cannot then turn to a common-law action against his employer for damages and at the same time base his action on the relationship of employer and employee (CL 1948, § 411.1 *et seq.*, as amended).

9. SAME—EXCLUSIVENESS OF REMEDY.

Recovery against employer by employee who was injured when he fell asleep while driving home from work, where plaintiff originally filed claim with workmen's compensation department but withdrew it before a decision was made and then com-

menced action in circuit court which dismissed his claim, is
only within the limitations of the workmen's compensation act
(CL 1948, § 411.1 *et seq.*, as amended).

10. SAME—MISTAKE IN SELECTION OF FORUM.
Whether mistake in selection of a forum by employee seeking
recovery for injuries against his employer is irrevocable is a
question left to the decision of workmen's compensation depart-
ment.

Appeal from Wayne; Weideman (Carl M.), J.
Submitted Division 1 December 7, 1967, at Detroit.
(Docket No. 3,555.) Decided April 2, 1968. Leave to
appeal denied September 3, 1968. See 381 Mich 772.

Complaint by Alan Herman against Stephen
Theis and Standard Oil Company, an Indiana cor-
poration, to recover for injuries sustained by de-
fendants' negligence. Action dismissed. Plaintiff
appeals. Affirmed.

*August, Frimet, Goren & Murphy,* for plaintiff.

*Ward, Plunkett, Cooney, Rutt & Peacock* (*Robert
W. Goulet,* of counsel), for defendants.

FITZGERALD, J. Plaintiff was a minor employed
by defendants as a service station attendant. On
July 29, 1962, he was severely injured in an auto-
mobile accident at 8 Mile Road and Woodward when
he fell asleep at the wheel. A claim was filed by
him with the workmen's compensation department
in March, 1964, alleging that the injury occurred
while he was an "on-service employee". An action
was also filed in the Wayne county circuit court in
June, 1964, alleging that defendants were negligent,
and that an employer-employee relationship existed.
Plaintiff withdrew his claim with the workmen's
compensation department voluntarily in September,
1965, before any decision was forthcoming, after
defendant had answered his application by denying

that the injuries arose "out of and in the course of his employment". The Wayne county circuit court dismissed plaintiff's claim on the grounds that by filing his claim with the workmen's compensation department, and by the provisions of the workmen's compensation act, his remedies were exclusively with that agency and did not lie in an action at law in court. Plaintiff appealed that determination to this Court.

A unique theory of recovery is advanced by plaintiff on the following condensed facts. Plaintiff worked the following time, totaling 24 hours, in a service station within a 44-hour period:

| July 27, 1962 | 2 p.m. to 12 midnight |
| July 28, 1962 | 10 a.m. to 2 p.m. |
| July 29, 1962 | 12 midnight to 10 a.m. |

The accident occurred after plaintiff left work at 10 a.m. when he had driven 10 miles from the service station.

We are asked first to decide whether the plaintiff's exclusive remedy is under the workmen's compensation act, thus precluding any action in the courts based on negligence. We also consider whether plaintiff is barred from beginning this action at law because his prior claim was first filed with the workmen's compensation department. These questions must be answered in plaintiff's favor for this Court then to determine whether a cause of action exists based on the facts given above.

The Michigan workmen's compensation act expressly provides at CL 1948, § 411.4 (Stat Ann 1960 Rev § 17.144):

"Where the conditions of liability under this act exist, the right to the recovery of compensation benefits, as herein provided, shall be the exclusive remedy against the employer."

The "conditions of liability" herein referred to include those compensations for injuries which arise out of and in the course of employment. *Husted* v. *Consumers Power Company* (1965), 376 Mich 41. The relevant section of the act at CLS 1961, § 412.1 (Stat Ann 1960 Rev § 17.151) provides:

"Sec. 1. An employee, who receives a personal injury arising out of and in the course of his employment by an employer who is at the time of such injury subject to the provisions of this act, shall be paid compensation in the manner and to the extent hereinafter provided. * * *

"Every employee going to or from his work while on the premises where his work is to be performed, and within a reasonable time before and after his working hours, shall be presumed to be in the course of his employment."

Plaintiff alleges that this section does *not* apply to him because he was not on the business or premises of his employer and that he was 20 or 30 minutes away from work on his way home. Application of this statute to this case is also denied by plaintiff because of his fear that the department might well deny him recovery under the provisions of the workmen's compensation act. See *Baas* v. *Society for Christian Instruction* (1963), 371 Mich 622. Acceptance of plaintiff's argument that the workmen's compensation act does not apply because he does not fall under the conditions of recovery, with the result that he should be permitted to go to court on a common-law negligence theory, is contrary to the intent of the legislature in creating the act,[1] *i.e.,* that compensation be provided therein to employees for injury arising out of and in the course of employment. See *Andrejwski* v. *Wolver-*

---

[1] See CL 1948, § 411.1 *et seq.,* as amended (Stat Ann 1960 Rev and Stat Ann 1961 Cum Supp § 17.141 *et seq.*).

*ine Coal Co.* (1914), 182 Mich 298; *Johns* v. *Wisconsin Land & Lumber Co.* (1934), 268 Mich 675. Issues concerning injuries and whether they grew "out of and in the course of the employment relationship" are to be exclusively within the purview of the workmen's compensation department, and the merits of such a claim are to be first evaluated by the department. We refer to the statement by the Court in *Morris* v. *Ford Motor Company* (1948), 320 Mich 372, 374, concerning jurisdiction of the commission:

"The employer-employee relationship existed between plaintiff and defendant and both were subject to the workmen's compensation act. Plaintiff's claim for compensation alleged an injury arising out of and in the course of his employment. Under the statutes above noted exclusive jurisdiction over the issue thus presented is conferred upon the compensation commission.[2] * * * Whether plaintiff's injury and resultant disability were compensable under the act or not, his claim therefor was within the jurisdiction of the compensation commission." (Citing cases.)

The above-quoted portion of the *Morris Case* does omit the Court's discussion of the election by Morris to proceed first before the department, thus barring him from an action at law, and plaintiff here also takes issue with this finding. However, we are concerned now with determining the jurisdiction of the department.

Plaintiff states in his brief to this Court that the injuries may have arisen "out of" his employment by defendant, but denies that they were "in the course of" his employment and reminds us that

---

[2] The powers and duties of the workmen's compensation commission are now vested in the workmen's compensation department. See CLS 1961, § 408.1 *et seq.* (Stat Ann 1960 Rev § 17.6[7] *et seq.*).

defendant also denied this in his answer. This Court will not engage in this evaluation of the facts or any of the merits of the claim, as such issues were not decided by a lower court or board, and we find that plaintiff's "opinion" is mere conjecture, unsupported by any decision which we could re-examine. Jurisdiction for the determination of those issues concerning exclusiveness and conditions of liability initially must lie with the compensation department and plaintiff may not waive such jurisdiction by filing an action at law and merely stating that CLS 1961, § 412.1 (Stat Ann 1960 Rev § 17.151) does not apply to his situation. Rather, the workmen's compensation department is the forum which properly considers questions of employment relationship, injury, and compensation (CL 1948, § 413.16 [Stat Ann 1960 Rev § 17.190]), and it must determine whether its jurisdiction is proper, based on findings of "exclusiveness" and "conditions of liability", the decision concerning the jurisdiction then being appealable to the appeal board and the courts, if plaintiff disagrees, as he does here. The question as to "out of and in the course of" is one of fact, and not of law, and it is the function of the department to consider the facts and circumstances in determining "exclusive" jurisdiction. See *Murphy* v. *Board of Education of the School District of the City of Flint* (1946), 314 Mich 226; *Haggar* v. *Tanis* (1948), 320 Mich 295. Also, see *Dehtiar* v. *Mietkowski* (1964), 372 Mich 527, 530, wherein the Court states:

"Based upon the bare allegations of plaintiff's declaration we cannot and should not venture an answer as to whether or not such arose out of and in the course of employment. This is more properly a matter for determination of the workmen's compensation department, if such forum is yet available to plaintiff."

To accept plaintiff's argument would be to deny the employer the right to have his liability *as an employer* determined by the forum established by statute to determine it whenever the plaintiff believed that the department might not agree that such a relationship existed. Thus, we have found that a plaintiff's remedy against an employer based on an injury allegedly arising out of an employment relationship properly belongs within the workmen's compensation department for initial determination as to jurisdiction and liability.

Plaintiff here reminds us that he voluntarily withdrew his application with the department before decision, and sought to pursue a cause at law. He refers to a concurrence in the case of *Totten* v. *Detroit Aluminum & Brass Corporation* (1955), 344 Mich 414, 419, for the proposition that recovery for negligence on the part of an employer did not always depend on an allegation of an employer-employee relationship, so that a plaintiff-employee might recover at law:

"It is also conceivable that there are circumstances under which an employee may recover damages based on the negligence of his employer, or his workmen, entirely unrelated to the relationship of employee which the claimant bears to the defendant employer."

But the workmen's compensation act was created particularly to remove the common-law negligence actions against employers from the courts and to assist the employees. *Smith* v. *Pontiac Motor Car Co.* (1936), 277 Mich 652. The "conceivable circumstances" do not come to mind in the present case and we agree with a further statement in the same concurrence to the *Totten Case, supra,* that (p 419):

"The record here *does* establish　*　*　* that the plaintiff relies, for recovery of 'damages' on his relationship of employer and employee. This brings him within the purview of the workmen's compensation act.

"For that reason I agree that plaintiff's remedy, if any, lies under the act. *　*　*

"But I do agree that an employee who, for any valid reason, cannot recover compensation from the employer under the workmen's compensation act, based on this relationship, cannot then turn to a common law action against his employer for damages and at the same time base his action on the relationship of employer and employee."

Plaintiff has clearly attempted to proceed with a theory that his injury was related to his employment by defendant, originally in his application to the department, then in his complaint, and again in his brief to this Court. His remedy, if any, is only within the limitations of the act.

The remaining issues may be summarily disposed of in the light of this decision. The question of whether plaintiff is barred from pursuing his remedy at law because he first applied for compensation with the department is moot, as he is only permitted to seek redress with the department. His unique theory of recovery, which alleges negligence by overwork, arises from the employment relationship and we need not evaluate its propriety as a cause of action at law. Plaintiff has made a mistake in his selection of a forum. Whether it is irrevocable shall not be determined here, but left to the wisdom of the department.

Affirmed.

LESINSKI, C. J., and McGREGOR, J., concurred.