PANAGOS v. NORTH DETROIT GENERAL HOSPITAL

1. WORKMEN'S COMPENSATION — NONEMPLOYMENT INJURY — REME-
DIES.
   A plaintiff need not first seek relief from the Workmen's Com-
   pensation Department before suing in the courts where it is
   clear that the employee-employer relationship is unrelated to
   the cause of action.

2. WORKMEN'S COMPENSATION — NONEMPLOYMENT INJURY — REME-
DIES.
   Plaintiff, seeking relief from her employer because of injuries
   from deleterious material in food purchased in the employer's
   cafeteria, did not have to first seek relief from the Workmen's
   Compensation Department before suing in the courts.

3. WORKMEN'S COMPENSATION — NONEMPLOYMENT INJURY — REME-
DIES.
   A plaintiff need not appear before the Workmen's Compensation
   Department before suing in the courts just because the de-
   fendant is also the plaintiff's employer.

Appeal from Wayne, Horace W. Gilmore, J. Sub-
mitted Division 1 June 14, 1971, at Detroit. (Docket
No. 10517.) Decided August 24, 1971.

Complaint by James and Ruth Panagos against
North Detroit General Hospital for damages from
injuries suffered as a result of the defendant's negli-
gence and breach of warranty. Defendant's motion
to dismiss or, in the alternative, a stay of proceed-

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 58 Am Jur, Workmen's Compensation §§ 64 *et seq.*, 209 *et
seq.*

ings for remittance of plaintiffs' claim to the Workmen's Compensation Department denied. Defendant appeals by leave granted. Affirmed.

*Lampert & Fried,* for plaintiffs.

*Garan, Lucow, Miller & Lehman* (by *David J. Cooper*), for defendant.

Before: T. M. Burns, P. J., and Holbrook and McGregor, JJ.

T. M. Burns, P. J. Plaintiff was an employee of defendant and on January 27, 1969, while on her lunch hour, cut her mouth on a foreign particle which allegedly was in a piece of pie which she purchased in the hospital's cafeteria. The cut later became infected, and plaintiff alleged that she lost teeth as a result of the infection.

Plaintiff was disabled from working for approximately fifteen weeks. During that time, workmen's compensation benefits were voluntarily paid to her by defendant and its insurance carrier. The company and insurer also paid plaintiff's medical and dental bills.

After returning to work, plaintiff instituted the present action against the hospital alleging negligence and breach of warranty. Defendant moved to dismiss or, in the alternative, for a stay of proceedings on the grounds that the Workmen's Compensation Department had exclusive jurisdiction to make the determination whether the injury occurred in the course of plaintiff's employment and thus was under the exclusive purview of the Workmen's Compensation Act. The trial court denied defend-

ant's motion. From that denial, this Court granted the defendant leave to appeal.

Defendant presents the following question:

*Did the trial court err in denying the motion to dismiss which was based on the ground that the Workmen's Compensation Department has exclusive original jurisdiction to determine whether an injury arose out of and in the course of employment with defendant?*

MCLA § 412.1 (Stat Ann 1968 Rev § 17.151) provides in part:

"Section 1. An employee, who receives a personal injury arising out of and in the course of his employment by an employer who is at the time of such injury subject to the provisions of this act, shall be paid compensation in the manner and to the extent hereinafter provided."

Defendant contends that the Workmen's Compensation Department has exclusive jurisdiction to determine whether an injury arose "out of and in the course of" plaintiff's employment. Thus, contends defendant, it is the department which determines whether any given injury is within the purview of the Workmen's Compensation Act.

In *Herman* v. *Theis* (1968), 10 Mich App 684, plaintiff was injured when he fell asleep while driving home. After filing and then withdrawing a claim with the Workmen's Compensation Department, he brought a tort action against his employer contending that the employer's negligence in overworking the plaintiff was the cause of plaintiff's injury. In affirming the trial court's dismissal of plaintiff's claim, the Court stated:

"Plaintiff states in his brief to this Court that the injuries may have arisen 'out of' his employment by defendant, but denies that they were 'in the course

of' his employment and reminds us that defendant also denied this in his answer. This Court will not engage in this evaluation of the facts of any of the merits of the claim, as such issues were not decided by a lower court or board, and we find that plaintiff's 'opinion' is mere conjecture, unsupported by any decision which we could reexamine. Jurisdiction for the determination of those issues concerning exclusiveness and conditions of liability initially must lie with the compensation department and plaintiff may not waive such jurisdiction by filing an action at law and merely stating that CLS 1961, § 412.1 (Stat Ann 1960 Rev § 17.151) does not apply to his situation. Rather, the workmen's compensation department is the forum which properly considers questions of employment relationship, injury, and compensation (CL 1948, § 413.16 [Stat Ann 1960 Rev § 17.190]), and it must determine whether its jurisdiction is proper, based on findings of 'exclusiveness' and 'conditions of liability', the decision concerning the jurisdiction then being appealable to the appeal board and the courts, if plaintiff disagrees, as he does here. The question as to 'out of and in the course of' is one of fact, and not of law, and it is the function of the department to consider the facts and circumstances in determining 'exclusive' jurisdiction. See *Murphy* v. *Board of Education of the School District of the City of Flint* (1946), 314 Mich 226; *Haggar* v. *Tanis* (1948), 320 Mich 295. Also, see *Dehtiar* v. *Mietkowski* (1964), 372 Mich 527, 530, wherein the Court states:

'Based upon the bare allegations of plaintiff's declaration we cannot and should not venture an answer as to whether or not such arose out of and in the course of employment. This is more properly a matter for determination of the workmen's compensation department, if such forum is yet available to plaintiff.' " *Herman* v. *Theis, supra,* at 689, 690.

Defendant contends that the above language by this Court stands for the proposition that the ques-

tion of whether a given injury arose "out of and in the course of employment" must first be decided by the Workmen's Compensation Board before any resort to the courts may be had. However, the Court stated at p 691:

"To accept plaintiff's argument would be to deny the employer the right to have his liability *as an employer* determined by the forum established by statute to determine it whenever the plaintiff believed that the department might not agree that such a relationship existed. Thus, we have found that a plaintiff's remedy against an employer based on an injury allegedly arising out of an employment relationship properly belongs within the workmen's compensation department for initial determination as to jurisdiction and liability."

In *Herman,* plaintiff's cause of action was based upon the employment relationship. Plaintiff contended that defendant overworked the plaintiff thus causing him to fall asleep while driving his car and to injure himself.

In the case at bar plaintiff's cause of action is not based upon the fact that she was employed by the defendant hospital. The case is based entirely upon the fact that there was deleterious material in a piece of pie which she had purchased in her employer's cafeteria.

The court in *Herman,* quoted the following from a concurring opinion in *Totten* v. *Detroit Aluminum & Brass Corporation* (1955), 344 Mich 414, 419:

" 'It is also conceivable that there .are circumstances under which an employee may recover damages based on the negligence of his employer, or his workmen, entirely unrelated to the relationship of employee which the claimant bears to the defendant employer.' " *Herman* v. *Theis, supra,* p 691.

Plaintiff's present case is based upon the vendor-vendee relationship. The whole theory of the cause of action has nothing to do with the fact that plaintiff also happened to be employed by the defendant. We see no need for plaintiff to first seek relief from the Workmen's Compensation Department when it is clear that the employee-employer relationship is unrelated to the cause of action. Nor do we find any statutory mandate which would require a plaintiff to first appear before the Workmen's Compensation Department just because the defendant is also the plaintiff's employer.

Accordingly, the decision of the trial court is affirmed.

All concurred.