NEAL v ROURA IRON WORKS, INC.

1. WORKMEN'S COMPENSATION—EXCLUSIVE REMEDY—CIRCUMSTANCES.

Workmen's compensation is not an exclusive remedy where the conditions of liability under the Workmen's Compensation Act are not present, where a suit is not based on an employer-employee relationship, or where other than personal injuries are involved.

2. WORKMEN'S COMPENSATION—EXCLUSIVE REMEDY—COURTS—JURIS-DICTION—EMPLOYER-EMPLOYEE RELATIONSHIP.

The statutory grant of exclusive jurisdiction to the workmen's compensation commission does not deprive a court of the jurisdiction to determine rights arising out of an entirely different relationship and in an entirely different type of proceeding in which the employer-employee relationship is only incidentally involved.

3. WORKMEN'S COMPENSATION—STATUTES—EXCLUSIVE REMEDY PROVI-SION—EMPLOYER-EMPLOYEE RELATIONSHIP—TORTS.

A plaintiff's action for damages suffered when a glove he was wearing at work, which was sold to him by defendant's president, became caught in a drill press, is barred by the exclusive remedy provision of the Workmen's Compensation Act where the accident could not have happened had the plaintiff not been employed by the defendant as a drill press operator, the gloves were to be used by the plaintiff in his capacity as an employee, and it was while plaintiff was performing in this capacity that the accident occurred (MCLA 418.131; MSA 17.237[131]).

Appeal from Wayne, Roland L. Olzark, J. Submitted November 12, 1975, at Detroit. (Docket No. 22784.) Decided December 10, 1975. Leave to appeal denied, 396 Mich 841.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 81 Am Jur 2d, Workmen's Compensation § 73 et seq.

Employee's right of election after injury or disability as between benefits or workmen's compensation act and action at law against employer. 117 ALR 515.

Complaint by Robert H. Neal against Roura Iron Works, Inc. for damages for personal injuries suffered when a glove plaintiff was wearing at work became caught in a drill press. Defendant's motion for summary judgment denied. Defendant appeals by leave granted. Reversed.

*Kelman, Loria, Downing, Schneider & Simpson,* for plaintiff.

*Sullivan, Ranger, Ward & Bone, P. C.,* for defendant.

Before: DANHOF, P. J., and McGREGOR and N. J. KAUFMAN, JJ.

McGREGOR, J. Plaintiff, Robert H. Neal, was employed by the defendant as a drill press operator in 1971. On March 11 of that year, while operating his press, plaintiff suffered a serious accident in which his right arm was completely severed. Following the accident, the defendant voluntarily paid workmen's compensation benefits which were accepted by plaintiff.

In 1974, plaintiff instituted the present action against the defendant, seeking damages for the personal injuries he received in the accident. Plaintiff claims that the accident occurred when a glove he was wearing, sold to him by the president of the defendant corporation, became caught in the drill press. He alleges that a breach of warranty arose from the sale of the gloves inasmuch as the gloves were unfit for use during the operation of the drill press.

At trial, defendant requested a motion for summary judgment which was denied. After defendant changed counsel, he requested dismissal on the basis of an accelerated judgment. This motion was

also denied. This appeal was then taken from the denial of the motion for accelerated judgment. However, we believe that defendant's motion for summary judgment was the proper one to test plaintiff's complaint under these circumstances. See *Szydlowski v General Motors,* 59 Mich App 180; 229 NW2d 365 (1975), *lv granted,* 394 Mich 782. Accordingly, we will treat this appeal as one taken from the denial of that motion.

The sole issue before us is whether, under the circumstances of the instant case, the "exclusive remedy" provision of the Workmen's Compensation Act[1] precludes plaintiff from maintaining the present tort action against his employer. In *Szydlowski, supra,* at p 182, it was stated:

"It is equally clear that where the 'conditions of liability' are not present, where the suit is not based on the employer-employee relationship, or where other than personal injuries are involved, workmen's compensation is not the exclusive remedy. (Footnotes omitted.)"

Thus, in order to decide that plaintiff's present action is precluded by the exclusive remedy provision of the Workmen's Compensation Act, we must answer the following three questions in the affirmative: (1) Were the "conditions of liability under the act" present at the time of plaintiff's injury?, (2) Is plaintiff seeking to recover damages for personal injuries?, and (3) Is plaintiff's suit based upon the employer-employee relationship?

The accident which caused plaintiff's injuries

---

[1] The statute in effect at the time of plaintiff's injury was MCLA 418.131; MSA 17.237(131), which provided: "Where the conditions of liability under this act exist, the right to the recovery of compensation benefits as provided in this act shall be the exclusive remedy against the employer." The statute was amended to its present form in 1972. The amendment did not substantially alter the statute's provisions.

occurred during normal working hours and while plaintiff was engaged in the usual duties of his employment. As a result, the first question, which, in effect, asks whether the injury arose out of and in the course of plaintiff's employment, must be answered in the affirmative. Likewise, it is equally clear that the second question must also be answered in the affirmative since plaintiff is attempting to recover damages for the personal injuries he sustained in the accident.

The third question presents more difficulty. Plaintiff contends that the instant case is not based upon the employer-employee relationship but, rather, upon a vendor-vendee relationship arising out of the sale of the gloves. In doing so, he relies upon *Panagos v North Detroit General Hospital,* 35 Mich App 554; 192 NW2d 542 (1971).

In *Panagos,* the plaintiff, an employee of the defendant hospital, cut her mouth during lunch while eating a piece of pie she had purchased in the hospital's cafeteria. She was disabled for about 15 weeks, during which time she received compensation. After the plaintiff returned to work, she commenced suit against her employer, alleging negligence and breach of warranty in the sale of the pie. Our Court held that the sale of the pie was based upon a vendor-vendee relationship and that, consequently, the exclusive remedy provision of the Workmen's Compensation Act did not bar the plaintiff's suit.[2]

---

[2] It should be noted that the plaintiff in *Panagos* was also entitled to her remedy under the Workmen's Compensation Act since the injury clearly arose out of and in the course of her employment. *See Dyer v Sears, Roebuck and Co,* 350 Mich 92; 85 NW2d 152 (1957), and *Lasiewicki v Tusco Products Co,* 372 Mich 125; 125 NW2d 479 (1963). Thus, where an employer is acting in several different and unrelated capacities, an injured employee may very well have, depending on the circumstances, two separate and distinct remedies. However, in order to avoid the imposition of double liability, the employer's rights and duties as an employer must be treated separately from his rights and

However, we find the present case to be distinguishable from *Panagos.* There, the Court stated:

"In the case at bar plaintiff's cause of action is not based upon the fact that she was employed by the defendant hospital. The case is based entirely upon the fact that there was deleterious material in a piece of pie which she had purchased in her employer's cafeteria.

"The court in *Herman [v Theis,* 10 Mich App 684; 160 NW2d 365 (1968)] quoted the following from a concurring opinion in *Totten v Detroit Aluminum & Brass Corporation,* 344 Mich 414, 419 [73 NW2d 882] (1955):

" 'It is also conceivable that there are circumstances under which an employee may recover damages based on the negligence of his employer, or his workmen, entirely unrelated to the relationship of employee which the claimant bears to the defendant employer.'

"Plaintiff's present case is based upon the vendor-vendee relationship. The whole theory of the cause of action has nothing to do with the fact that plaintiff also happened to be employed by the defendant. We see no need for plaintiff to first seek relief from the Workmen's Compensation Department *when it is clear that the employee-employer relationship is unrelated to the cause of action."* (Emphasis added.)

Similarly, the Supreme Court, in *Modeen v Consumers Power Co,* 384 Mich 354, 360–361; 184 NW2d 197 (1971), quoted the following language with approval:

"The statutory grant of exclusive jurisdiction to the workmen's compensation commission does not deprive a court of the jurisdiction to determine rights arising out of an *entirely different relationship and in an entirely different type of proceeding in which the employer and*

duties as a third-party tortfeasor. As a result, the employer would be able to offset the award in the tort action by the amount of compensation benefits previously paid. See MCLA 418.827(5); MSA 17.237(827)(5).

*employee relationship is only incidentally involved."*
(Emphasis added.)

From the foregoing, it is evident that, before an employee can maintain a separate cause of action against his employer, it must first appear that the employer-employee relationship is entirely unrelated thereto, or only incidentally involved.

In the instant case, unlike *Panagos,* the plaintiff's cause of action is clearly not unrelated to the employer-employee relationship. In *Panagos,* the fact that the plaintiff happened to be an employee of the hospital was only incidental to her cause of action against the hospital. She could just as easily have been a visitor or a patient who had decided to eat lunch at the hospital's cafeteria. In the present case, however, the plaintiff's accident could not possibly have happened but for the fact that he was employed by the defendant as a drill press operator. Moreover, the gloves allegedly sold to the plaintiff were to be used by him in his capacity as an employee of the defendant, and it was while plaintiff was performing in this capacity that the accident occurred. Under these circumstances, we hold that the third question must also be answered in the affirmative and, as a result, plaintiff's suit is therefore barred by the exclusive remedy provision of the Workmen's Compensation Act.

If we held otherwise, we would be opening doors to the institution of innumerable product liability suits by injured employees against their employers. Such a consequence would not only emasculate the exclusive remedy provision but would also serve to effectively undermine the entire statutory scheme of the Workmen's Compensation Act. The Legislature has established the Workmen's Compensation Department, not the circuit courts, as

the proper forum to determine in most instances the liability of an employer to an injured employee. The adoption of plaintiff's arguments would dramatically alter this situation by allowing substantial circuit court participation in the field of workmen's compensation. It is not for us, but for the Legislature, to so transform the scope of the Workmen's Compensation Act.

Reversed. Costs to defendant.