## PEOPLES v CHRYSLER CORPORATION

Docket No. 45152. Submitted April 22, 1980, at Detroit.—Decided June 17, 1980.

> Anthony E. Peoples was injured while in the course of his employment at Chrysler Corporation. The machine in which he was injured was manufactured by Chrysler. In addition to a claim for worker's compensation benefits Peoples brought an action for damages against Chrysler and others, claiming negligence in the manufacture and design of the machine. Chrysler moved for and was granted summary judgment, Wayne Circuit Court, Maureen P. Reilly, J., on the basis that Peoples had failed to state a claim upon which relief could be granted because the action was barred by the exclusive remedy provision of the Worker's Disability Compensation Act. Plaintiff appeals. *Held:*
>
> Peoples' action was based on the employer-employee relationship. The machine he was using was given to him by Chrysler to be used in his capacity as an employee, and it was while he was performing in that capacity that he was injured. The use of the machine was a routine and integral part of his employment. Therefore, the action against Chrysler is barred by the exclusive remedy provision of the Worker's Disability Compensation Act.
>
> Affirmed.

1. Motions and Orders — Judgment — Summary Judgment — Failure to State Claim — Court Rules.

> A motion for summary judgment on the grounds that the opposing party has failed to state a claim upon which relief may be granted tests only the legal, not the factual, sufficiency of the pleadings, and all inferences from the pleadings are made in the light most favorable to the party opposing the motion; every well-pled allegation in the complaint is assumed to be true, the test of the motion being whether the opposing party's

References for Points in Headnotes
[1] 61 Am Jur 2d, Pleading §§ 229, 230.
[2] 81 Am Jur 2d, Workmen's Compensation §§ 50-53.
[3] 82 Am Jur 2d, Workmen's Compensation § 317.

claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery (GCR 1963, 117.2[1]).

2. WORKERS' COMPENSATION — EXCLUSIVE REMEDY — STATUTES.

An action by an injured employee against his employer is precluded by the exclusive remedy provision of the Worker's Disability Compensation Act if the action seeks recovery for a personal injury arising out of and in the course of employment and if the action is based on the employer-employee relationship (MCL 418.131, 418.301; MSA 17.237[131], 17.237[301]).

3. WORKERS' COMPENSATION — EMPLOYER-EMPLOYEE RELATIONSHIP.

An injured employee's action for damages against his employer was based upon the employer-employee relationship where a machine by which the employee was injured was given to him to be used in his capacity as an employee and where he was injured while performing in his capacity as an employee.

*Provizer, Eisenberg, Lichtenstein & Pearlman, P.C.* (by *Randall Phillips* and *Carlo J. Martina),* for plaintiff.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P.C.* (by *Mark D. Willmarth),* for defendant Chrysler Corporation.

Before: V. J. BRENNAN, P.J., and BRONSON and H. E. DEMING,* JJ.

V. J. BRENNAN, P.J. Plaintiff, Anthony Eugene Peoples, was employed by defendant Chrysler Corporation in 1976. On June 24 of that year, while operating a lubricating machine, plaintiff suffered a serious accident when his hand became caught between the rollers. As a result his arm was drawn into the machine and severely crushed. Following the accident, the plaintiff filed a petition

---

* Circuit judge, sitting on the Court of Appeals by assignment.

for worker's compensation benefits against Chrysler Corporation and received an open award which is presently on appeal.

In 1979, plaintiff instituted the present action against Chrysler Corporation, Jomac, Inc., Banner Tire Company, Banner Spring and Ford Slide, Inc., and Litton Unit Handling Systems, Inc., seeking damages for the injuries he received in the accident. The complaint was based on defendants' alleged negligence and breach of implied and expressed warranties. Plaintiff claimed that defendants were negligent in the manufacture and design of the lubricating machine. He also claimed that the gloves, rubber ring and suction cup provided plaintiff for use in his work were improperly manufactured and designed and contributed to the accident.

At a hearing held on April 20, 1979, defendant Chrysler Corporation filed a motion for summary judgment which was granted. This appeal was then taken from the granting of the motion for summary judgment.

The sole issue before us is whether, under the circumstances of the instant case, the "exclusive remedy" provision of the Worker's Disability Compensation Act[1] precludes plaintiff from maintaining the present tort action against his employer.

A motion for summary judgment under GCR

---

[1] MCL 418.131; MSA 17.237(131) provides, as amended:

"The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer. As used in this section and section 827 'employee' includes the person injured, his personal representatives and any other person to whom a claim accrues by reason of the injury to or death of the employee, and 'employer' includes his insurer, a service agent to a self-insured employer, and the accident fund insofar as they furnish, or fail to furnish, safety inspections or safety advisory services incident to providing workmen's compensation insurance or incident to a self-insured employer's liability servicing contract."

1963, 117.2(1)[2] tests only the legal, not the factual, sufficiency of the pleadings. *Hoag v Paul C Chapman & Sons,* 62 Mich App 290, 295; 233 NW2d 530 (1975). All inferences are made in the light most favorable to the party opposing the motion. *Petrie v GRD, Inc,* 39 Mich App 619, 620; 197 NW2d 848 (1972). As has been previously stated by this Court:

"A motion for summary judgment brought under GCR 1963, 117.2(1), merely tests the legal sufficiency of the claim as determined from the pleadings alone. *Todd v Biglow,* 51 Mich App 346, 349; 214 NW2d 733 (1974), *lv den* 391 Mich 816 (1974), 1 Honigman & Hawkins, [Michigan Court Rules Annotated (2d ed)], *supra,* Committee Notes to GCR 1963, 117, pp 353-355. For the purposes of that motion, both at the trial and appellate levels, every well-pled allegation in the complaint is assumed to be true. *Bielski v Wolverine Insurance Co,* 379 Mich 280, 283; 150 NW2d 788 (1967). The test is whether the plaintiff's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Crowther v Ross Chemical & Mfg Co,* 42 Mich App 426, 431; 202 NW2d 577 (1972)." *Stewart v Troutt,* 73 Mich App 378, 383-384; 251 NW2d 594 (1977). Accord, *Gartside v Young Men's Christian Association,* 87 Mich App 355; 274 NW2d 58 (1979).

The Worker's Disability Compensation Act provides that "[t]he right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer". MCL 418.131; MSA 17.237(131).

An action is precluded by the exclusive remedy provision if it seeks recovery for a personal injury

[2] GCR 1963, 117.2(1) states:

"Grounds. The motion for summary judgment shall state that the moving party is entitled to judgment in his favor because of any 1 of the following grounds:

"(1) the opposing party has failed to state a claim upon which relief can be granted."

arising out of and in the course of employment and if the suit is based on the employer-employee relationship. MCL 418.301; MSA 17.237(301), *Neal v Roura Iron Works, Inc,* 66 Mich App 273, 275; 238 NW2d 837 (1975), *Bednarski v General Motors Corp,* 88 Mich App 482, 484; 276 NW2d 624 (1979).

In *Neal v Roura Iron Works, Inc, supra,* the plaintiff suffered a loss of his right arm while employed by the defendant. Following the accident, the defendant voluntarily paid worker's compensation benefits which were accepted by plaintiff. Plaintiff then sued defendant seeking damages for the personal injuries he received in the accident. Plaintiff claimed that the accident occurred when a glove he had been wearing, sold to him by defendant, became caught in a drill press. He alleged that a breach of warranty arose from the sale of the glove inasmuch as the glove was unfit for use during the operation of the drill press. *Id.* at 274. In rendering its decision, this Court employed the following test:

"Thus, in order to decide that plaintiff's present action is precluded by the exclusive remedy provision of the Workmen's Compensation Act, we must answer the following three questions in the affirmative: (1) Were the 'conditions of liability under the act' present at the time of plaintiff's injury?, (2) Is plaintiff seeking to recover damages for personal injuries?, and (3) Is plaintiff's suit based upon the employer-employee relationship?" *Id.* at 275.

The Court easily answered the first two questions in the affirmative. *Id.* at 276. As to the last question, the Court observed that "it is evident that, before an employee can maintain a separate cause of action against his employer, it must first appear that the employer-employee relationship is en-

tirely unrelated thereto, or only incidentally involved". *Id.* at 278. It then went on to decide the final question in the affirmative as well:

"In the present case, however, the plaintiff's accident could not possibly have happened but for the fact that he was employed by the defendant as a drill press operator. Moreover, the gloves allegedly sold to the plaintiff were to be used by him in his capacity as an employee of the defendant, and it was while plaintiff was performing in this capacity that the accident occurred. Under these circumstances, we hold that the third question must also be answered in the affirmative and, as a result, plaintiff's suit is therefore barred by the exclusive remedy provision of the Workmen's Compensation Act." *Id.*

The instant case is virtually identical to *Neal.* Clearly, the conditions of liability under the act were present at the time of plaintiff's injury. It is equally clear that plaintiff is seeking to recover damages for personal injuries. It only remains to be decided whether plaintiff's suit was based on the employer-employee relationship. Plaintiff asserts on appeal that it was not. Unlike the situation in *Neal,* he claims that Chrysler manufactured this type of machinery and sold it to the public at large; hence there existed a separate relationship between Chrysler and plaintiff, that of the manufacturer of the product and its user. Plaintiff insists that his claim for damages rests on this relationship rather than the employer-employee relationship, and cites *Panagos v North Detroit General Hospital,* 35 Mich App 554; 192 NW2d 542 (1971), as dispositive. In *Panagos,* the plaintiff, while an employee of defendant, cut her mouth on a foreign particle allegedly in a piece of pie which plaintiff purchased in the hospital's cafeteria. The cut later became infected, and plain-

tiff lost teeth as a result of the infection. As a result of plaintiff's disablement, worker's compensation benefits were voluntarily paid. After returning to work, plaintiff brought suit against the hospital alleging negligence and breach of warranty. Finding for that plaintiff, this Court commented as follows:

> "In the case at bar plaintiff's cause of action is not based upon the fact that she was employed by the defendant hospital. The case is based entirely upon the fact that there was deleterious material in a piece of pie which she had purchased in her employer's cafeteria.
>
>         \*     \*     \*
>
> "Plaintiff's present case is based upon the vendor-vendee relationship. The whole theory of the cause of action has nothing to do with the fact that plaintiff also happened to be employed by the defendant." *Id.* at 558-559.

Unlike *Panagos,* however, we do not find the employer-employee relationship only incidental, and having nothing to do with the fact that plaintiff also was employed by Chrysler.

We find the analysis of the *Neal* Court more appropriate to the factual circumstances presented here where the lubricating machine was given to plaintiff "to be used by him in his capacity as an employee of the defendant, and it was while plaintiff was performing in this capacity that the accident occurred", *Neal, supra,* 278. The use of the product was, in fact, a routine and integral part of the employment.

The most troubling aspect of plaintiff's claim is that it is very similar to saying that Chrysler provided an unsafe working environment, a situation clearly within the exclusivity rule of the act.

In addition, it presents the possibility of an end-run around the statute sufficient to invalidate for all practical purposes the intent of Legislature when it created the system of worker's compensation. This was clearly a concern of the *Neal* Court:

"If we held otherwise, we would be opening doors to the institution of innumerable product liability suits by injured employees against their employers. Such a consequence would not only emasculate the exclusive remedy provision but would also serve to effectively undermine the entire statutory scheme of the Workmen's Compensation Act." *Neal, supra,* 278.

Finally, it should be noted that plaintiff characterizes his suit as an action against a third-party tortfeasor who only incidentally happens to be his employer. Relevant to such actions is § 827 of the act which states in pertinent part:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability *in some person other than a natural person in the same employ or the employer* to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies but the injured employee or his dependents or personal representative may also proceed to enforce the liability of the third party for damages in accordance with the provisions of this section." (Emphasis added.) MCL 418.827(1); MSA 17.237(827)(1).

Affirmed.