BOURASSA v ATO CORPORATION

Docket No. 49615. Submitted January 5, 1982, at Detroit.—Decided
    February 19, 1982. Leave to appeal applied for.

Robert J. Bourassa was injured when he fell from some scaffold-
    ing which he was erecting. He was an employee of ATO
    Corporation, the manufacturer of the scaffolding, which was
    being erected on the premises of Great Lakes Steel Corporation.
    Bourassa and his wife, Karen Bourassa, brought an action for
    damages against ATO, Great Lakes Steel, and Barton Malow
    Company, the general contractor. The Wayne Circuit Court,
    Michael J. Talbot, J., entered summary judgment dismissing
    the claims against ATO for failure to state a claim upon which
    relief can be granted, based upon the exclusive remedy provi-
    sion of the Worker's Disability Compensation Act. Plaintiffs
    appeal, by leave granted, alleging that the suit was brought
    against ATO not as an employer but as the manufacturer of
    the scaffolding. *Held:*

    1. The injury herein occurred during the course of Bourassa's
    employment. Further, the scaffolding which Bourassa was
    erecting and from which he fell was to be used in his capacity
    as an employee of ATO and its use was a routine and integral
    part of his employment. Therefore, the exclusive remedy provi-
    sion of the act is applicable to bar the tort claim against ATO.

    2. Mrs. Bourassa's claim for loss of consortium, being deriva-
    tive of her husband's claim, is also barred.

    Affirmed.

1. WORKERS' COMPENSATION — EXCLUSIVE REMEDY — TORT ACTION.

    An action in tort is precluded by the exclusive remedy provision
    of the Worker's Disability Compensation Act if the plaintiff
    seeks recovery for personal injuries arising out of and in the

REFERENCES FOR POINTS IN HEADNOTES

[1] 81 Am Jur 2d, Workmen's Compensation § 52.
    What conduct is willful, intentional, or deliberate within workmen's
    compensation act provision authorizing tort action for such con-
    duct. 96 ALR3d 1064.
[2] 81 Am Jur 2d, Workmen's Compensation § 61.
    Wife's right of action for loss of consortium. 36 ALR3d 900.

course of employment and if the suit is based on the employer-employee relationship (MCL 418.301; MSA 17.237[301]).

2. Torts — Workers' Compensation — Exclusive Remedy — Derivative Claims.

A claim for loss of consortium by the spouse of an injured workman who sues his employer in tort, being derivative of her husband's claim, is barred where the husband's claim is barred by the exclusive remedy provision of the Worker's Disability Compensation Act (MCL 418.131; MSA 17.237[131]).

*Cockrel, Cooper, Spearman & King* (by *Anthony J. Vigliotti* and *David J. Cooper*), for plaintiffs.

*Donald J. Morbach,* for defendant.

Before: Bashara, P.J., and Allen and T. M. Burns, JJ.

Per Curiam. Plaintiffs appeal by leave granted an order of summary judgment dismissing their complaint against defendant ATO Corporation (ATO) for failure to state a claim upon which relief may be granted. GCR 1963, 117.2(1). We affirm.

Plaintiff Robert J. Bourassa, an employee of Safeway Scaffolding, a division of ATO, was injured when he fell from scaffolding he was erecting on the premises of defendant Great Lakes Steel Corporation. Defendant ATO is in the business of manufacturing scaffolding. Bourassa's duties included erecting the scaffolding for ATO. Indeed, plaintiffs' counsel admitted at the hearing on ATO's motion that Bourassa was injured "during the scope of his employment".

The trial court determined that Bourassa's injury fell within the exclusive remedy provision of the Worker's Disability Compensation Act (act), MCL 418.131; MSA 17.237(131). Plaintiffs contend that their suit was brought against ATO not as an

employer, but as the manufacturer of the scaffolding,. and that their tort action is not precluded by the act.

An action in tort is precluded by the exclusive remedy provision of the act if it seeks recovery for personal injuries arising out of and in the course of employment and if the suit is based on the employer-employee relationship. MCL 418.301; MSA 17.237(301). This Court set forth the following test in *Neal v Roura Iron Works, Inc,* 66 Mich App 273; 238 NW2d 837 (1975), *lv den* 396 Mich 841 (1976), to determine whether a tort action brought against the employer is barred by the act.

"Thus, in order to decide that plaintiff's present action is precluded by the exclusive remedy provision of the Workmen's Compensation Act, we must answer the following three questions in the affirmative: (1) Were the 'conditions of liability under the act' present at the time of plaintiff's injury?, (2) Is plaintiff seeking to recover damages for personal injuries?, and (3) Is plaintiff's suit based upon the employer-employee relationship?" *Neal, supra,* 275.

In *Peoples v Chrysler Corp,* 98 Mich App 277; 296 NW2d 237 (1980), the plaintiff, an employee of the defendant, was severely injured when his hand became caught between the rollers of a lubricating machine which he was operating. The plaintiff filed a petition for workers' compensation benefits against the defendant and received an open award. The plaintiff later brought a products liability suit against the defendant and others, alleging that the machine on which he was injured and which was manufactured by the defendant was defective. The plaintiff sought damages for personal injuries and alleged that the accident occurred during normal working hours, while he was engaged in the usual

duties of his employment. This Court had no difficulty in answering the first two questions posed by the test in the affirmative. Addressing the third prong of the test, the Court rejected the plaintiff's argument that because the defendant manufactured this type of machinery and sold it to the public at large there existed a separate relationship, that of the manufacturer of the product and its user. It was found that the lubricating machine was given to the plaintiff to be used by him in his capacity as an employee of the defendant. While the plaintiff was performing in that capacity the accident occurred. The use of the product was held to be a routine and integral part of the employment. *Peoples, supra,* 283.

In the instant case, Robert Bourassa is seeking damages for personal injuries which occurred during normal working hours and while he was engaged in the usual duties of his employment. The scaffolding which Bourassa was erecting and from which he fell was to be used in his capacity as an employee of ATO. He was injured while performing in that capacity. It is also readily apparent from the pleadings that the use of the scaffolding was, in fact, a routine and integral part of Bourassa's employment with ATO. The decision in *Peoples* governs the instant case and requires this Court to affirm the findings of the trial court.

Plaintiff Karen Bourassa's claim is for loss of consortium. Because her husband's claim is barred by the exclusive remedy provision of the act, her claim is derivative and is also barred. *Haddad v Justice,* 64 Mich App 74, 77; 235 NW2d 159 (1975), *lv den* 395 Mich 825 (1976), *Lone v Esco Elevators, Inc,* 78 Mich App 97, 100; 259 NW2d 869 (1977), *lv den* 404 Mich 821 (1979), *Beardslee v Michigan Claim Services, Inc,* 103 Mich App 480, 489; 302 NW2d 896 (1981).

Affirmed.