KISSINGER v MANNOR

Docket No. 78-5129. Submitted June 14, 1979, at Lansing.—Decided September 20, 1979.

Raymond Kissinger evacuated his bowels in his clothing when his foreman, Ronald Mannor, at Oldsmobile Division of General Motors Corporation failed to assign a temporary replacement to fill his position while he went to the toilet. Thereafter, Mannor told Kissinger's co-employees of the incident and informed them that Kissinger had "crapped his pants". Kissinger brought an action against Mannor for intentional infliction of mental stress alleging that the intentional actions of Mannor held him up to ridicule, public scorn and embarrassment before his co-employees which caused him to suffer permanent severe emotional and psychological distress. Defendant moved for accelerated judgment on the ground that plaintiff was precluded from recovering under a common-law tort action against defendant by the exclusive remedy provision of the Worker's Disability Compensation Act. Ingham Circuit Court, Ray C. Hotchkiss, J., granted defendant's motion. Plaintiff appeals. *Held:*

1. A common-law tort action may be maintained by an employee where his injury is not compensable under the Worker's Disability Compensation Act. Kissinger could bring a common-law civil suit for damages because his injuries were of the kind not compensable under the act.

2. Kissinger's "accident" resulted from an intentional tort situation which is not within the scope of the Worker's Disability Compensation Act. The Legislature never intended, where

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 81 Am Jur 2d, Workmen's Compensation § 50.

82 Am Jur 2d, Workmen's Compensation § 240 *et seq.*

[2] 81 Am Jur 2d, Workmen's Compensation §§ 225, 226.

82 Am Jur 2d, Workmen's Compensation §§ 301, 302.

[3, 4] 53 Am Jur 2d, Master and Servant § 341 *et seq.*

[4] 81 Am Jur 2d, Workmen's Compensation §§ 55, 57.

Workmen's compensation provision as precluding employee's action against employer for fraud, false imprisonment, defamation, or the like. 46 ALR3d 1279.

injuries would not be compensable under the act, to preclude a plaintiff's recovery for physical or mental injuries suffered as a result of an on-the-job intentional tort. Kissinger may seek recovery from Ronald Mannor for his injuries in a common-law civil suit.

Reversed and remanded.

1. WORKMEN'S COMPENSATION — WORK-RELATED INJURIES — EMPLOYERS — CONDITIONS OF LIABILITY — STATUTES.

The right to benefits as provided in the Worker's Disability Compensation Act is an employee's exclusive remedy against an employer where the conditions of liability under the act exist; the conditions of liability exist where an employee receives a personal injury arising out of and in the course of his employment (MCL 418.301; 17.237[301]).

2. WORKMEN'S COMPENSATION — WORK-RELATED INJURIES — PHYSICAL OR MENTAL INJURY — BENEFITS.

The Worker's Disability Compensation Act permits compensation for both physical and mental injuries that are suffered on account of employment; neither physical contact or injury nor physical consequences are required to entitle an employee to benefits under the act.

3. WORKMEN'S COMPENSATION — WORKER'S DISABILITY ACT — EMPLOYERS — TORTS — TORT LIABILITY.

A common-law tort action may be maintained by an employee against his employer where the employee's injury is not compensable under the Worker's Disability Compensation Act.

4. WORKMEN'S COMPENSATION — TORTS — WORKER'S DISABILITY ACT — NONEMPLOYMENT INJURY — INTENTIONAL TORTS — CIVIL LIABILITY.

The Legislature could not have intended that the exclusive remedy section of the Worker's Disability Compensation Act be construed to preclude a plaintiff's recovery for injuries suffered in an intentional tort situation where a General Motors foreman caused an employee to evacuate his bowels in his clothing by failing to send a temporary replacement when requested, and then informed his co-employees that he had "crapped his pants" because the injuries are not within the scope of the act; therefore, the employee may seek recovery for his injuries in a common-law civil suit against the foreman.

*Sablich, Ryan, Dudley, Rapaport & Bobay, P.C.,* for plaintiff.

*Fraser, Trebilcock, Davis & Foster* (by *Gregory J. Guggemos*), for defendant.

Before: ALLEN, P.J., and T. M. BURNS and D. E. HOLBROOK,* JJ.

T. M. BURNS, J. Plaintiff appeals of right a November 17, 1978, lower court order granting defendant's motion for accelerated judgment. We reverse.

On August 21, 1978, plaintiff filed his complaint in this action and alleged that on May 18, 1978, he was an employee of the Oldsmobile Division of the General motors Corporation in Lansing. His foreman on that date was defendant Ronald Mannor. Sometime during the course of his work that day, plaintiff asked defendant to assign a temporary replacement to fill his position in order that plaintiff would be able to use the plant's toilet facilities. Defendant, however, sent no replacement worker and after 35 to 50 minutes plaintiff evacuated his bowels in his clothing.

Following his bowel movement, plaintiff requested permission to leave the plant in order to change his clothing. However, his request was denied by defendant who instructed plaintiff to return to his work station. Soon afterward, a replacement did arrive at his work station and plaintiff went to defendant's office. There, plaintiff allegedly was berated by defendant for requesting relief in order to use the toilet facilities at the factory. After a brief argument, defendant gave plaintiff permission to go home and change his clothes. Subsequently, defendant told approximately 40 of plaintiff's co-employees of the inci-

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

dent and informed them that plaintiff had "crapped his pants".

In his complaint, plaintiff pleaded a cause of action for intentional infliction of mental stress and requested damages of $10,000. Plaintiff alleged that the intentional actions of defendant held him up to ridicule, public scorn and embarrassment before his co-employees and has caused him to suffer permanent severe emotional and psychological distress.

Defendant filed a motion for accelerated judgment and argued that plaintiff was precluded from recovering under a common-law tort action against defendant by the exclusive remedy provision of the Worker's Disability Compensation Act. MCL 418.131; MSA 17.237(131). The lower court agreed and granted defendant's motion. Plaintiff appeals and we reverse.

The right to the benefits as provided in the Worker's Disability Compensation Act are an employee's exclusive remedy against an employer "where the conditions of liability under this Act exist." *Id.* The conditions of liability attach where an employee receives "a personal injury arising out of and in the course of his employment * * *". MCL 418.301; MSA 17.237(301).

The act provides a remedy for both physical and mental injuries that are suffered on account of employment. *Deziel v Difco Laboratories, Inc (After Remand),* 403 Mich 1; 268 NW2d 1 (1978), *Milton v Oakland County,* 50 Mich App 279; 213 NW2d 250 (1973). Neither physical injury or contact nor physical consequences are required to entitle an employee to benefits under the act. *Carter v General Motors Corp,* 361 Mich 577; 106 NW2d 105 (1960).

In *Moore v Federal Department Stores, Inc,* 33

Mich App 556; 190 NW2d 262; 46 ALR3d 1275 (1971), *lv den* 385 Mich 784 (1971), a plaintiff-employee brought a common-law action to recover damages from her employer for false imprisonment. The plaintiff had been accused by defendant of stealing and was detained by store officials. Upon investigation, the defendant's accusation of dishonesty proved groundless. The lower court granted the defendant's motion for summary judgment holding that the provisions of the Worker's Disability Compensation Act provided the plaintiff's exclusive remedy. On appeal, this Court reversed holding that the plaintiff's injury consisted of humiliation, embarrassment and deprivation of personal liberty that was not compensable under the act. Because the act did not provide recovery for the types of injuries suffered by the plaintiff, the plaintiff was entitled to bring a common-law tort action against her employer notwithstanding the exclusive remedy provision of the act.

Similarly, in *Milton v Oakland County, supra,* this Court held that the exclusive remedy provision did not bar an action brought on account of an employer's alleged wrongful discharge of an employee and failure to comply with terms in an employment contract. *Milton* reiterated the holding of *Moore* that where an employee's injury is not compensable under the act, a common-law tort action may be maintained against the employer.

In *Stimson v Michigan Bell Telephone Co,* 77 Mich App 361; 258 NW2d 227 (1977), it was held that an employee's action for sexual discrimination was not barred by the exclusive remedy provision of the act. Although certain damages sought by the plaintiff in *Stimson* were found to be barred because they culminated in a disabling condition for which compensation was available, others, for

which the act did not provide a remedy, were held to be proper subjects for a common-law legal action.

Finally, in *Broaddus v Ferndale Fastener Division, Ring Screw Works,* 84 Mich App 593; 269 NW2d 689 (1978), *lv den* 403 Mich 850 (1978), an employee was held entitled to maintain a suit against his employer and his employer's workmen's compensation carrier for intentional and wrongful termination of compensation benefits, notwithstanding the exclusive remedy provision of the act. The Court noted in *Broaddus* that the plaintiffs before it were seeking, in part, separate damages for emotional distress caused by the alleged intentional and wrongful denial of compensation benefits. Finding that the act did not permit recovery for such damages, the Court held that the plaintiffs were entitled to seek their recovery in a separate tort suit.

The injuries suffered by the plaintiff here have not resulted in a disabling condition for which compensation under the act is available. Under the holdings of the above cases plaintiff can seek recovery for his injuries in a common-law civil suit. However, notwithstanding precedent that would give plaintiff the right to maintain this action merely because his injuries cannot be compensated under the act, we believe that another reason dictates our holding here.

The Legislature could not have intended that the exclusive remedy section of the act be construed to preclude a plaintiff's recovery for injuries suffered in an intentional tort such as the one before us. A substantial portion of plaintiff's injuries did not arise out of an employer-employee relationship and they occurred irrespective of the fact that plaintiff happened to be employed at the

factory. *Panagos v North Detroit General Hospital,* 35 Mich App 554; 192 NW2d 542 (1971). Even if defendant's failure to send plaintiff a temporary replacement so that plaintiff could go to the toilet was accidental and within the exclusive remedy provision, defendant's gratuitous and intentional disclosure of plaintiff's predicament to his co-employees cannot be said to be related to plaintiff's employee status and has resulted in injuries that are not within the scope of an employer's liability under the act. MCL 418.301; MSA 17.237(301). Plaintiff may maintain the instant common-law suit to recover damages for these injuries.

Reversed and remanded. Costs to plaintiff.