## McKINLEY v HOLIDAY INN

Docket No. 55232. Submitted February 9, 1982, at Lansing.—Decided April 8, 1982.

Cynthia McKinley brought suit in Livingston Circuit Court against Holiday Inn and Archie Baker, alleging that, while working as a maid at the motel, she was assaulted and raped by Baker, one of the guests at the motel. Plaintiff contended that defendant Holiday Inn breached its duty to ensure protection and safety to her as she cleaned its motel rooms and that the breach resulted in plaintiff's being assaulted and raped. She sought money damages for pain and suffering, medical care, mental anguish, emotional hardship and inability to continue familiar relationships. The court, Paul R. Mahinske, J., granted Holiday Inn's motion for accelerated judgment, ruling that plaintiff's action against it was barred by the exclusive remedy section of the Worker's Disability Compensation Act. Plaintiff appeals. *Held:*

Plaintiff clearly alleged personal injury which arose out of and in the course of her employment. The exclusivity provision of the Worker's Disability Compensation Act therefore bars her common-law action for damages against Holiday Inn. The fact that plaintiff may not actually be entitled to receive compensation benefits does not give her the right to maintain this type of common-law action against her employer.

Affirmed.

1. WORKERS' COMPENSATION — DISABILITY.

An employee must suffer a disability, *i.e.*, an inability to perform suitable work, as a result of a work-connected injury before the employee is entitled to receive workers' compensation benefits.

2. WORKERS' COMPENSATION — EXCLUSIVE REMEDY PROVISION.

The existence or nonexistence of a disability is immaterial for purposes of determining whether the exclusive remedy provision of the Worker's Disability Compensation Act bars an

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation § 240 *et seq.*
[2] 81 Am Jur 2d, Workmen's Compensation § 50.

employee's common-law action against his or her employer; if the act covers the kind of injury suffered, the act remedy is exclusive even though under the facts of the particular case no compensation is payable because there has been no actual loss of earning capacity (MCL 418.131, 418.301[1]; MSA 17.237[131], 17.237[301][1]).

*Sablich, Ryan, Rapaport, Bobay & Pollok, P.C.,* for plaintiff.

*Harvey, Kruse, Westen & Milan, P.C.* (by *James E. Sukkar*), for defendant.

Before: DANHOF, C.J., and M. F. CAVANAGH and D. F. WALSH, JJ.

PER CURIAM. Plaintiff, Cynthia McKinley, appeals entry of accelerated judgment in favor of defendant Holiday Inn. GCR 1963, 116.1. In granting accelerated judgment, the court ruled that plaintiff's action was barred by the exclusive remedy provision of the Worker's Disability Compensation Act (WDCA). MCL 418.131; MSA 17.237(131).

In her complaint, plaintiff alleged that, while working as a maid at the Holiday Inn in Howell, she was assaulted and raped by defendant Archie Baker, one of the guests at the motel.[1] She further alleged that defendant Holiday Inn had had notice of the danger posed to maids who work alone in cleaning rooms of the motel. She claimed that she had made repeated requests to be allowed to work with others, but that defendant Holiday Inn had denied her requests. She alleged that defendant Holiday Inn breached its duty to ensure protection and safety to her as she cleaned its motel rooms and that said breach resulted in plaintiff's being assaulted and raped. She sought money damages from defendant Holiday Inn for pain and suffering,

---

[1] This appeal does not involve defendant Baker.

medical care, mental anguish, emotional hardship and inability to continue familiar relationships. With regard to these final elements of damage, she claimed that, as a result of the incident, she had become afraid of men, that any contact with men made her "squeamish and nervous", that she had become "much more distrustful of men", and that she was no longer able to work alone. As noted above, the court ruled that plaintiff's exclusive remedy was in the workers' compensation arena and dismissed her complaint with prejudice. We agree with the circuit court and affirm entry of accelerated judgment.

Section 131 of the Worker's Disability Compensation Act provides in part: "The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer." MCL 418.131; MSA 17.237(131).[2] The right to recovery of benefits is set forth in § 301: An employee "who receives a personal injury arising out of and in the course of his employment" is entitled to compensation as provided in the act. MCL 418.301(1); MSA 17.237(301)(1).

Application of the plain words of the statute to the facts of this case persuades us that plaintiff's complaint was properly dismissed. Plaintiff clearly alleged personal injury which arose out of and in the course of her employment.[3] The exclusivity provision, therefore, bars her common-law action.

The fact that plaintiff may not actually be entitled to receive compensation benefits does not give

---

[2] Prior to amendment in 1972, the provision stated: "Where the conditions of liability under this act exist, the right to the recovery of compensation benefits as provided in this act shall be the exclusive remedy against the employer".

[3] For an extensive discussion of employees' eligibility for compensation benefits arising out of physical assaults, see 1 Larson's Workmen's Compensation Law, § 11.00 *et seq.*

her the right to maintain this type of common-law action. It is axiomatic that, in order for any injured employee to receive compensation benefits, the employee's work-connected injury must result in a disability—an inability to perform suitable work. "[T]he existence of an injury and pain therefrom do not necessarily create disability." *Dressler v Grand Rapids Die Casting Corp,* 402 Mich 243, 253; 262 NW2d 629 (1978). However, for purposes of determining whether the exclusive remedy provision of the WDCA bars an injured employee's common-law action against his or her employer, the existence or nonexistence of a *disability* is immaterial. If the WDCA covers the kind of injury suffered, the act remedy is exclusive even though under the facts of the particular case no compensation is payable because there has been no actual loss of earning capacity. 2A Larson's Workmen's Compensation Law, §§ 65.10, 65.20, *Tredway v Dist of Columbia,* 403 A2d 732 (DC App, 1979), *cert den* 444 US 867; 100 S Ct 141; 62 L Ed 2d 92 (1979), *Grice v Suwannee Lumber Mfg Co,* 113 So 2d 742 (Fla Dist Ct App, 1959), *Hubbard v Reynolds Metals Co,* 482 F2d 63 (CA 9, 1973), *Williams v State Compensation Ins Fund,* 50 Cal App 3d 116; 123 Cal Rptr 812 (1975). In *Grice v Suwannee Lumber Mfg Co, supra,* the Florida court ruled that the exclusivity provision of Florida's workers' compensation act barred the plaintiff's suit even though the plaintiff's injury—loss of a testicle—had not resulted in loss of earning capacity:

> "By accepting the benefits of the Act, with the concomitant right to compensation and medical expenses irrespective of whether the employer is at fault, the employee relinquishes his common law rights to compensation for those elements of damages that normally flow from the injury but, having no relationship to

earning capacity, are not compensable under the Act. That the remedy so afforded by the Act is exclusive of all others seems to accord with the prevailing opinion of other courts in the country.

"This results in a yielding by both employer and employee of certain rights existing at common law for the new rights and remedies afforded by the Act. Any contrary interpretation would subject an employer to dual liability for practically every accidental injury suffered by his employees. The quid pro quo accruing to the employer as represented by the limited liability and exclusiveness of remedy provisions of the Act would be withdrawn. To construe the Act in any other way would not only be grossly violative of the underlying principles of the Act and injurious to the mutual benefits flowing therefrom, but under such circumstances the Act would be a farce and its ultimate repeal inevitable.

"If the compensation thus provided is considered inadequate or allowance should be made to the employee for all or part of the common law elements or ingredients of relief known to the law of negligence, the change should be effectuated by legislation and not by judicial fiat." 113 So 2d 742, 746 (footnotes omitted).

The cases relied on by plaintiff in support of her attempt to avoid the exclusivity provision of the WDCA are distinguishable. In our view, the holdings in those cases turned on the essence of the torts alleged by the plaintiffs: *Moore v Federal Dep't Stores, Inc,* 33 Mich App 556; 190 NW2d 262 (1971), *lv den* 385 Mich 784 (1971) (false imprisonment), *Stimson v Michigan Bell Telephone Co,* 77 Mich App 361; 258 NW2d 227 (1977) (sex discrimination),[4] *Broaddus v Ferndale Fastener Division, Ring Screw Works,* 84 Mich App 593; 269 NW2d 689 (1978), *lv den* 403 Mich 850 (1978) (intentional infliction of emotional distress), *Kissinger v Man-*

---

[4] A recent discrimination case is *Pacheco v Clifton,* 109 Mich App 563; 311 NW2d 801 (1981), where the Court noted that the WDCA was not designed to protect against the type of conduct alleged in *Stimson, supra,* or *Pacheco—intentional* employment discrimination.

*nor,* 92 Mich App 572; 285 NW2d 214 (1979) (intentional infliction of mental stress). We agree with the *Kissinger* panel's implicit rejection of the language in earlier cases which had suggested that an employee can maintain a common-law action "merely because his injuries cannot be compensated under the act". *Id.,* 577. Instead, it is necessary to focus on the nature of the tort alleged by the injured employee and to determine if the Legislature intended the exclusive remedy of the act to preclude the employee's common-law recovery for injuries suffered in such a tort. *Id.,* 577-578. In *Torts,* 19 Wayne L Rev, pp 703, 748-749 (1973), Professor Marcus Plant rejects the suggestion in *Moore v Federal Dep't Stores, supra,* that employees' common-law suits are not barred against employers for "injuries not compensable under the Act":

"In this the court may have overstated its intention. The key point is not that the injury is noncompensable, but rather that the framework of the Act does not contemplate exclusion of an employer's liability for *intentional torts.* There are many injuries which occur where the 'conditions of liability' under the Act exist but where there is no compensation because no impairment of earning capacity is found, *i.e.,* a work-connected injury to the sexual organs or the sense of smell. Because it is doubtful that the Michigan legislature intended to open up liability in such cases, the court would have been better advised to place its decision on the ground that the 'conditions of liability' required by the Act did not exist in the instant case." *Id.,* 749 (footnote omitted; emphasis supplied).

The instant plaintiff's complaint against defendant Holiday Inn is grounded solely in negligence. No intentional misconduct is alleged. There is no question that, if plaintiff's injuries have resulted in

disability, as that term is understood for workers' compensation purposes, she will be eligible to receive compensation benefits. The type of employer conduct alleged by plaintiff was clearly contemplated by the Legislature in enactment of the WDCA.[5]

Because plaintiff alleged no tort which by its nature is outside the scope of the WDCA, we affirm entry of accelerated judgment for defendant Holiday Inn.

Affirmed.

---

[5] A remarkably similar case is *Tredway v Dist of Columbia, supra,* where the plaintiff teacher sued her employer for negligence. Plaintiff had been assaulted, robbed and raped by two male strangers who had entered her classroom. She alleged, *inter alia,* that as a result of the attack, she had suffered humiliation, mental stress, anguish and pain and suffering. It was her claim that the defendant's negligence in failing to provide her with safe working conditions had directly resulted in the attack. Dismissal of her complaint was affirmed on appeal. The Court examined the exclusive remedy provision of the Federal Employees' Compensation Act and noted that physical attacks by third parties are clearly covered by the act. Because the plaintiff's physical injuries—the underlying cause of her psychic damages—were covered by the FECA, no separate common-law recovery for those damages was allowed even though the act did not fully compensate her for those damages.