GENSON v BOFORS-LAKEWAY, INC

Docket No. 58285. Submitted April 9, 1982, at Grand Rapids.—Decided January 19, 1983. Leave to appeal applied for.

Plaintiffs, Richard and Bonnie M. Genson, Frank and Jacquelyn Rahn, and others, brought an action in the Muskegon Circuit Court against Bofors-Lakeway, Inc., seeking damages for injuries resulting from the exposure of the male plaintiffs to large quantities of the chemical benzidine during their employment with the defendant. The circuit court, John H. Piercey, J., granted an accelerated judgment to the defendant on the ground that plaintiffs' claim was barred by the exclusive remedy provision of the Worker's Disability Compensation Act. Plaintiffs appeal alleging that the exclusive remedy provision does not bar an action for an intentional tort, as alleged here, and, alternatively, that plaintiffs' action was not barred because the male plaintiffs are suffering from a condition which is not presently disabling and, therefore, is not compensable under the act. *Held:*

1. In order to decide that the plaintiffs' action is precluded by the exclusive remedy provision of the Worker's Disability Compensation Act, three questions must be answered in the affirmative: (1) Were the "conditions of liability under the act" present at the time of plaintiffs' injury?, (2) Are plaintiffs seeking to recover damages for personal injuries?, and (3) Is plaintiffs' suit based upon the employer-employee relationship?; where the second and third questions are answered in the affirmative, the answer to the first is necessarily "yes" since the exception allowing civil actions to be brought where the conditions of liability under the act do not exist has no independent significance.

2. Issues concerning injuries and whether they grew out of

REFERENCES FOR POINTS IN HEADNOTES
[1, 4, 6] 81 Am Jur 2d, Workmen's Compensation §§ 50, 73.
[2] 82 Am Jur 2d, Workmen's Compensation § 545.
[3] 82 Am Jur 2d, Workmen's Compensation § 301.
Mental disorders as compensable under workmen's compensation acts. 97 ALR3d 161.
[5] 81 Am Jur 2d, Workmen's Compensation § 2.

and in the course of the employment relationship must be initially submitted to the Bureau of Workers' Compensation for a determination as to jurisdiction and liability. The action may be commenced in circuit court without an initial determination by the bureau only in cases which are based on a different relationship between the parties and in which it is clear that the employer-employee relationship betwen the parties is unrelated to the cause of action. The cause of action alleged here was not so clearly unrelated to the employer-employee relationship.

3. Damages such as plaintiffs seek to recover here are damages for personal injuries and so are within the act.

4. The Court of Appeals declined to create a separate exception to the exclusive remedy provision of the Worker's Disability Compensation Act for intentional torts.

5. The essential conditions of liability under the Worker's Disability Compensation Act are: (1) that an employee receive a personal injury, and (2) that such injury arise out of and in the course of employment by an employer who is subject to the act at the time of the injury.

6. The Court made instructions on alternative proceedings which would apply on remand.

Reversed and remanded for further proceedings.

1. WORKERS' COMPENSATION — WORKER'S DISABILITY COMPENSATION ACT — EXCLUSIVE REMEDY.

Three questions must be answered in the affirmative in order to preclude an employee's civil cause of action against his employer because of the exclusive remedy provision of the Worker's Disability Compensation Act: (1) Were the conditions of liability under the act present at the time of plaintiff's injury?, (2) Is plaintiff seeking to recover damages for personal injuries?, and (3) Is plaintiff's suit based upon the employer-employee relationship?; the first question is not independently significant and therefore where the second and third questions are answered in the affirmative the answer to the first is necessarily "yes" (MCL 418.131; MSA 17.237[131]).

2. WORKERS' COMPENSATION — JURISDICTION — LIABILITY — DETERMINATION BY BUREAU OF WORKERS' COMPENSATION.

Issues concerning injuries and whether they grew out of and in the course of the employment relationship must be initially submitted to the Bureau of Workers' Compensation for a determination as to jurisdiction and liability; a cause of action may be commenced in circuit court without an initial determination

by the bureau only in cases which are based on a different relationship between the parties and in which it is clear that the employer-employee relationship between the parties is unrelated to the cause of action.

3. WORKERS' COMPENSATION — DAMAGES — PERSONAL INJURIES — MENTAL INJURIES — CLAIM OF SPOUSE.

An action may be deemed to be one to recover damages for personal injuries under the Worker's Disability Compensation Act where damages are sought by an employee plaintiff-husband for mental injuries such as humiliation and loss of quality of life and where the plaintiff-wife seeks damages for loss of spousal companionship, which claim is derived from the plaintiff-husband's claimed physical injuries.

4. WORKERS' COMPENSATION — EXCLUSIVE-REMEDY PROVISION — INTENTIONAL TORTS.

Exceptions to the exclusive remedy provision of the Worker's Disability Compensation Act have been provided for actions which do not arise out of the employer-employee relationship and for actions in which the plaintiff is not seeking to recover damages for personal injuries; a separate exception to the exclusive remedy provision has not been created for intentional torts (MCL 418.131, 418.301[1]; MSA 17.237[131], 17.237[301][1]).

5. WORKERS' COMPENSATION — PURPOSE OF LEGISLATION.

A fundamental purpose of workers' compensation legislation is to exchange the possibility of full compensation for certain, if less full, compensation.

6. WORKERS' COMPENSATION — CONDITIONS OF LIABILITY — EXCLUSIVE REMEDY.

The essential conditions of liability for the payment of compensation as provided by the Worker's Disability Compensation Act is that an employee receive a personal injury arising out of and in the course of employment by an employer who is subject to the act at the time of the injury; there is no independently significant exception to such liability under the exclusive remedy provision of the act where the employee seeks to recover damages for injuries for which compensation is not available (MCL 418.131, 418.301[1]; MSA 17.237[131], 17.237[301][1]).

*Marcus, Ruck, Flynn & Wells, P.C.* (by *David M. Wells*), for plaintiffs.

*Baxter & Hammond* (by *Joel M. Boyden* and *W. Stevens Vanderploeg),* for defendant on appeal.

Before: MACKENZIE, P.J., and D. E. HOLBROOK, JR., and D. S. DEWITT,* JJ.

MACKENZIE, P.J. It is alleged and admitted that the male plaintiffs are employees of defendant within the meaning of the Worker's Disability Compensation Act, MCL 418.131; MSA 17.237(131). The male plaintiffs have alleged that they were exposed in the course of their employment to large quantities of the chemical benzidine and that, as a result, they developed cancer of the bladder. Plaintiffs alleged that defendant knew that benzidine caused cancer of the bladder but that defendant "maliciously, intentionally, and wantonly" withheld this information from plaintiffs and "maliciously, intentionally, and wantonly" assured plaintiffs that exposure to benzidine would not harm them. The circuit judge granted accelerated judgment for defendant pursuant to GCR 1963, 116.1(2) on the ground that plaintiffs' claim was barred by the exclusive remedy provision of the Worker's Disability Compensation Act, MCL 418.131; MSA 17.237(131). Plaintiffs appeal by right.

Plaintiffs argue that the exclusive remedy provision does not bar an action for an intentional tort and that, alternatively, plaintiffs' action was not barred because the male plaintiffs are suffering from a condition which is not presently disabling and therefore is not compensable under the act. Defendant argues that plaintiffs' action presented questions concerning compensation over which the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Bureau of Workers' Compensation has exclusive jurisdiction.

In *Neal v Roura Iron Works, Inc,* 66 Mich App 273, 275; 238 NW2d 837 (1975), the Court said:

"[I]n order to decide that plaintiff's present action is precluded by the exclusive remedy provision of the Workmen's Compensation Act, we must answer the following three questions in the affirmative: (1) Were the 'conditions of liability under the act' present at the time of plaintiff's injury?, (2) Is plaintiff seeking to recover damages for personal injuries?, and (3) Is plaintiff's suit based upon the employer-employee relationship?"

See also *People v Chrysler Corp,* 98 Mich App 277, 281-282; 296 NW2d 237 (1980), and *Bourassa v ATO Corp,* 113 Mich App 517, 519-520; 317 NW2d 669 (1982). We will examine the three questions posed by *Neal* in reverse order.

Issues concerning injuries and whether they grew out of and in the course of the employment relationship must be initially submitted to the Bureau of Workers' Compensation for determination as to jurisdiction and liability. *Szydlowski v General Motors Corp,* 397 Mich 356; 245 NW2d 26 (1976); *Herman v Theis,* 10 Mich App 684; 160 NW2d 365 (1968); *Bednarski v General Motors Corp,* 88 Mich App 482; 276 NW2d 624 (1979); *Dixon v Sype,* 92 Mich App 144; 284 NW2d 514 (1979); *Sewell v Bathey Mfg Co,* 103 Mich App 732; 303 NW2d 876 (1981); *Johnson v Arby's, Inc,* 116 Mich App 425; 323 NW2d 427 (1982). Only cases which are based on a different relationship between the parties and in which it is clear that the employer-employee relationship between the parties is unrelated to the cause of action may be commenced in circuit court without an initial

determination by the bureau. Compare *Panagos v North Detroit General Hospital,* 35 Mich App 554; 192 NW2d 542 (1971), with *Neal, supra.* The cause of action alleged here was not so clearly unrelated to the employer-employee relationship as to fall within the *Panagos* exception.

Various panels of this Court have relied on either the nature of the cause of action stated or the type of injury alleged to hold that plaintiff was not seeking to recover damages for personal injuries. See *Moore v Federal Dep't Stores, Inc,* 33 Mich App 556; 190 NW2d 262 (1971) (claim for damages for humiliation, embarrassment, and deprivation of personal liberty arising out of false imprisonment), *Milton v Oakland County,* 50 Mich App 279; 213 NW2d 250 (1973) (claim for damages for breach of contract, including damages for physical and mental injuries arising out of breach); *Stimson v Michigan Bell Telephone Co,* 77 Mich App 361; 258 NW2d 227 (1977) (claim for damages for sex discrimination; damages for mental injuries culminating in disablement held not recoverable), *Broaddus v Ferndale Fastener Division, Ring Screw Works,* 84 Mich App 593; 269 NW2d 689 (1978) (claim for damages for intentional infliction of emotional distress through wrongful denial of compensation benefits; damages for compensable physical injuries held not recoverable), and *Pacheco v Clifton,* 109 Mich App 563; 311 NW2d 801 (1981) (claim for damages for discrimination based on national origin, including damages for mental injuries culminating in disablement). These cases are not consistent in all respects; compare *Milton* and *Pacheco* with *Stimson* and *Broaddus.* However, they clearly show that damages such as plaintiffs seek to recover here are damages for personal injuries and so are within the act.

Plaintiffs point out that they have claimed damages for mental injuries such as humiliation, loss of quality of life, and, in the case of plaintiff wives, loss of spousal companionship. Since these claims derive from plaintiff husbands' claimed physical injuries, they do not support a conclusion that plaintiffs' action was not one to recover damages for personal injuries. *Cole v Dow Chemical Co,* 112 Mich App 198, 206; 315 NW2d 565 (1982).

Plaintiffs suggest that intentional torts are outside the scope of the exclusive remedy provision regardless of whether they involve damages for personal injuries. Plaintiffs place considerable reliance on decisions from other jurisdictions. These and similar decisions are discussed in 2A Larson, Workmen's Compensation Law, § 68.11, pp 13-1—13-2:

"Several legal theories have been advanced to support this result. The best is that the employer will not be heard to allege that the injury was 'accidental' and therefore was under the exclusive provisions of the Workmen's Compensation Act, when he himself intentionally committed the act. A second is that the employer severed the employment relation by his act of violence. Unless the facts show that the parties did indeed treat the relation as terminated from that time on, this argument is rather fictitious, especially when, as sometimes happens, the employee continues on the same job after the assault. The most fictitious theory of all is that the assault does not arise out of the employment; for if it is a work-connected assault, it is no less so because the assailant happens to be the employer. The nonaccidental theory, then, is the most satisfactory; but the others may be put to work in jurisdictions which do not require that the injury be accidental." (Footnotes omitted.)

The first theory, which Larson regards as the most satisfactory, is inapplicable in Michigan be-

cause our statute contains no requirement of accidental injury. As we have shown, Michigan allows an action for damages which, as a matter of fact, did not arise out of the employer-employee relationship, but except in clear cases, such a claim must be submitted to the Bureau of Workers' Compensation for initial determination. Plaintiffs would have us go beyond this rule, either by holding that as a matter of law intentional torts do not arise out of the employer-employee relationship by adopting one of the "fictions" discussed by Larson or by holding that the drafters of Michigan's statute intended that actions for intentional torts, like actions in which plaintiff is not seeking to recover damages for personal injuries, fall outside the exclusive remedy provision.

Some Michigan authority supports such a result. In *Kissinger v Mannor,* 92 Mich App 572, 577; 285 NW2d 214 (1979), the Court said:

> "The Legislature could not have intended that the exclusive remedy section of the act be construed to preclude a plaintiff's recovery for injuries suffered in an intentional tort such as the one before us."

However, this statement has little precedential value because it is expressly limited to an intentional tort such as the one then before the Court and because the Court was careful to point out that the case fell within other exceptions to the exclusive remedy provision. The Court noted that plaintiff's injuries had not resulted in a disabling condition for which compensation under the act was available and that plaintiff's injuries did not arise out of the employer-employee relationship and occurred irrespective of the fact that plaintiff happened to be employed at the time.

In *McKinley v Holiday Inn,* 115 Mich App 160,

165; 320 NW2d 329 (1982), the Court relied on Professor Marcus Plant, *Torts,* 19 Wayne L Rev 703, 748-749 (1973), to conclude that the Legislature did not intend the exclusive remedy provision to bar an action for intentional tort. However, this conclusion was also dicta because the Court held that plaintiff's complaint was grounded solely in negligence.

The exceptions to the exclusive remedy provision for actions which did not arise out of the employer-employee relationship and for actions in which plaintiff is not seeking to recover damages for personal injuries are derived from the language of the statute. See MCL 418.131; MSA 17.237(131) and MCL 418.301(1); MSA 17.237(301)(1). Most cases involving intentional torts will fall within one or the other of these exceptions. As no language in the statute suggests a separate exception for intentional torts, we can only create such an exception through theorization about legislative intent without regard to the language of the statute or through utilization of one of the unsatisfactory fictions discussed by Larson. We cannot say either that the Legislature clearly intended a separate exception for intentional torts not falling within one of the other exceptions or that public policy so clearly requires such a result as to justify our creation of a legal fiction. We decline to create a separate exception to the exclusive remedy provision for intentional torts.

Plaintiffs claim that their injuries are not presently disabling and point out that bladders are not among the organs listed in the specific loss schedule contained in MCL 418.361; MSA 17.237(361). Plaintiffs argue that they may bring a civil action to recover damages for injuries for which compensation is not available. Plaintiffs' position finds

some support in the language used in *Kissinger v Mannor, supra,* p 577, although we do note that the Court in *McKinley v Holiday Inn, supra,* p 165, reading *Kissinger,* commended the *Kissinger* decision for rejecting this position.

Plaintiffs' position reduces to an absurdity. For example, if plaintiffs have suffered a personal injury arising out of the employer-employee relationship, they are clearly entitled to compensation for their medical expenses; see MCL 418.315; MSA 17.237(315). If plaintiffs may bring a civil action to recover damages for every aspect of their injury for which compensation is not available, then a civil action may be brought in nearly every case, because, for example, pain and suffering are probably incurred by the victims of most industrial accidents, yet pain and suffering are not compensable under the act. Plaintiffs overlook that a fundamental purpose of workers' compensation legislation is to exchange the possibility of full compensation for certain, if less full, compensation. See *Addison v W E Wood Co,* 207 Mich 319, 324; 174 NW 149 (1919), wherein the Supreme Court stated:

"The purpose and scope of the legislation is directed and limited to providing a measure of compensation, not full but certain, to those incapacitated for work by industrial accidents, to be paid without regard to any of the legal liability tests of the employee's or employer's negligence, assumption of risk or negligence of a fellow-servant."

In *Neal v Roura Iron Works, Inc, supra,* this exception was stated more narrowly. The *Neal* Court indicated that a civil action could be brought where conditions of liability under the act did not exist. This exception may be traced to

*Moore v Federal Dep't Stores, Inc, supra,* pp 559-560. Arguably, it no longer has any effect since the language on which it is based was eliminated from the exclusive remedy provision by 1972 PA 285. See *Hoffman v National Machine Co,* 113 Mich App 66, 73; 317 NW2d 289 (1982), but see *Neal, supra,* p 275, fn 1.

Careful examination of the workers' compensation statute leads us to conclude that this exception has no independent significance. The essential conditions of liability under the act are stated in MCL 418.301(1); MSA 17.237(301)(1), which provides in part:

"An employee, who receives a personal injury arising out of and in the course of employment by an employer who is subject to this act at the time of the injury, shall be paid compensation as provided in this act."

Thus, if the other two questions stated in *Neal, supra,* and quoted at the beginning of this opinion are answered in the affirmative, the answer to the question "Were the 'conditions of liability under the act' present at the time of plaintiff's injury?" is necessarily "yes".

Rather than affirm here, we elect to apply a remedy analogous to that used in *Bednarski v General Motors Corp, supra,* p 487; *Dixon v Sype, supra,* pp 149-150, and *Johnson v Arby's, Inc, supra,* pp 431-432. We reverse the circuit court's decision and remand the case to circuit court. Plaintiffs shall, within 30 days of the release of this opinion, file an application with the bureau for a hearing on the question in controversy. If such application is timely filed, the circuit court shall hold the instant action in abeyance pending the decision of the bureau. If the bureau deter-

mines that plaintiffs have suffered personal injuries arising out of or in the course of employment, or if plaintiffs fail to apply for a determination by the bureau within 30 days (or to seek review of this decision in the Supreme Court in timely fashion), the circuit court decision granting an accelerated judgment for defendant shall stand affirmed. If the bureau determines that plaintiffs have not suffered personal injuries arising out of or in the course of their employment, the circuit court action may proceed.

Reversed and remanded for proceedings consistent with this opinion.