JONES v GENERAL MOTORS CORPORATION

Docket No. 73654. Submitted April 6, 1984, at Detroit.—Decided June 14, 1984.

James Jones, an employee of General Motors Corporation, reported to the GM first aid department complaining of chest pains, indigestion, weakness and dizziness. While in the first aid department his vital signs allegedly deteriorated. The only person on duty, a nurse, allegedly instructed him to go home and did not summon an ambulance or a physician. Allegedly, while waiting for a ride home, he collapsed and was later pronounced dead. Ola Mae Jones, the decedent's wife, filed a petition for hearing with the Bureau of Workers' Disability Compensation, alleging that the myocardial infarction from which her husband died was the result of "strenuous manual labor". The hearing officer denied plaintiff's claim, ruling simply that she had not sustained her burden of proof. Plaintiff appealed the hearing officer's order to the Workers' Compensation Appeal Board, which has yet to review the decision. Plaintiff filed a complaint in the Wayne Circuit Court alleging negligence on the part of defendant in the death of plaintiff's decedent. The court, Maureen Pulte Reilly, J., granted accelerated judgment for defendant on the ground that plaintiff's exclusive remedy was under the Worker's Disability Compensation Act. Plaintiff appealed. *Held:*

1. An action for damages for personal injury is precluded by the exclusive remedy provision of the Worker's Disability Compensation Act where (1) the conditions of liability under the act were present at the time of the plaintiff's injury, (2) the plaintiff is seeking to recover damages for personal injuries,

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 81 Am Jur 2d, Workmen's Compensation § 50.

[2] 81 Am Jur 2d, Workmen's Compensation § 223.

82 Am Jur 2d, Workmen's Compensation § 289 *et seq.*

[3] 61 Am Jur 2d, Physicians and Surgeons § 308.

Right to maintain malpractice suit against insured employee's attending physician notwithstanding receipt of workmen's compensation award. 28 ALR3d 1066.

[4] 81 Am Jur 2d, Workmen's Compensation § 55.

and (3) the plaintiff's suit is based upon the employer-employee relationship. The applicability of the exclusive-remedy provision of the Worker's Disability Compensation Act turns not upon the characterization of the nature of an action being brought in circuit court but upon whether the employee has a right to recover benefits under the act. The fact that an employee's cause of action is based on a malpractice claim is not dispositive of the issue of whether the circuit court is the proper forum.

2. The Bureau of Workers' Disability Compensation has the exclusive power to determine in the first instance whether the Worker's Disability Compensation Act applies to a particular injury and whether the injury is thus compensable under the act.

3. The exclusive remedy and coemployee provisions bar a suit against an employer for the negligence of a coemployee acting within the scope of employment.

Reversed and remanded with instructions to hold the case in abeyance pending the outcome of plaintiff's appeal to the Workers' Compensation Appeal Board.

1. WORKERS' COMPENSATION — EXCLUSIVE REMEDY.

An action for damages for personal injury is precluded by the exclusive remedy provision of the Worker's Disability Compensation Act where (1) the conditions of liability under the act were present at the time of the plaintiff's injury, (2) the plaintiff is seeking to recover damages for personal injuries, and (3) the plaintiff's suit is based upon the employer-employee relationship (MCL 418.131; MSA 17.237[131]).

2. WORKERS' COMPENSATION — BUREAU OF WORKERS' DISABILITY COMPENSATION.

The Bureau of Workers' Disability Compensation has the exclusive power to determine in the first instance whether the Worker's Disability Compensation Act applies to a particular injury and whether the injury is thus compensable under the act (MCL 418.841; MSA 17.237[841]).

3. WORKERS' COMPENSATION — EXCLUSIVE REMEDY — ACTIONS.

The applicability of the exclusive-remedy provision of the Worker's Disability Compensation Act turns not upon the characterization of the nature of an action being brought in circuit court but upon whether the employee has a right to recover benefits under the act; the fact that an employee's cause of action is

based on a malpractice claim is not dispositive of the issue of whether the circuit court is the proper forum.

4. WORKERS' COMPENSATION — COEMPLOYEES — EXCLUSIVE REMEDY.
  The exclusive remedy and coemployee provisions of the Worker's Disability Compensation Act bar a suit against an employer for the negligence of a coemployee acting within the scope of employment (MCL 418.827[1]; MSA 17.237[827][1]).

*Bernstein & Bernstein, P.C.* (by *Mikael G. Hahner*), for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Dwight G. Conger* and *Ernest R. Bazzana*), for defendant.

Before: J. H. GILLIS, P.J., and T. M. BURNS and N. J. KAUFMAN,* JJ.

PER CURIAM. Plaintiff's husband, James Jones, was an employee of defendant. On March 19, 1981, according to plaintiff's complaint, he went to defendant's first aid department, complaining of chest pains, indigestion, weakness, and dizziness. While in the first aid department his vital signs allegedly deteriorated. The only person on duty, a nurse employed by the defendant, allegedly instructed him to go home and did not summon an ambulance or a physician. Allegedly, while waiting for a ride home, he collapsed and was later pronounced dead.

Plaintiff filed a petition for hearing with the Bureau of Workers' Disability Compensation, alleging that the myocardial infarction from which her husband died was the result of "strenuous manual labor". The hearing officer denied plaintiff's claim, ruling simply that she had not sustained her burden of proof. Plaintiff appealed the

---

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment.

hearing officer's order to the Workers' Compensation Appeal Board, which has yet to review the decision.

Shortly after the hearing officer issued his ruling, plaintiff filed a complaint in Wayne County Circuit Court alleging negligence on the part of the defendant. Defendant filed a motion for accelerated judgment pursuant to GCR 1963, 116.1(2), on the ground that the plaintiff's exclusive remedy is provided by the Worker's Disability Compensation Act. The trial court agreed and granted defendant's motion, from which plaintiff appeals.

When an employee's injury is within the scope of the Worker's Disability Compensation Act, workers' compensation benefits are the exclusive remedy against the employer. MCL 418.131; MSA 17.237(131); *Szydlowski v General Motors Corp,* 397 Mich 356, 358; 245 NW2d 26 (1976). An action brought in circuit court is precluded by the exclusive remedy provision when the following questions can be anwered in the affirmative: (1) Were the conditions of liability under the act present at the time of the plaintiff's injury?; (2) Is plaintiff seeking to recover damages for personal injuries?; and (3) Is plaintiff's suit based upon the employer-employee relationship? *Neal v Roura Iron Works, Inc,* 66 Mich App 273, 275; 238 NW2d 837 (1975). Pursuant to MCL 418.841; MSA 27.237(841), whether the injury arose out of and in the course of the worker's employment "is a question to be resolved in the first instance exclusively by the Bureau of Workmen's Compensation". *Sewell v Bathey Mfg Co,* 103 Mich App 732, 737; 303 NW2d 876 (1981), *lv den* 417 Mich 1044 (1983). Only cases which are based on a different relationship between the parties and in which it is clear that the employer-employee relationship between the par-

ties is unrelated to the cause of action may be commenced in circuit court without an initial determination by the bureau. *Genson v Bofors-Lakeway, Inc,* 122 Mich App 470, 474; 332 NW2d 507 (1983).

In the present case, plaintiff filed a petition with the Bureau of Workers' Disability Compensation, alleging only that the heart attack occurred "on the job", and that the decedent "was exposed to hard, strenuous, difficult manual labor which conditions terminated fatally on March 19, 1981". At the hearing before the hearing officer, the parties stipulated that the issue was whether the death was causally related to the employment. There is no indication that plaintiff raised her malpractice claim during this hearing, although the complete record of that proceeding has not been provided to us. The hearing officer's decision consisted of one phrase typed on a form: "Plaintiff did not sustain her burden of proof." Plaintiff complains that she does not know why her application for workers' compensation benefits was denied, but seems to be arguing that, because it was denied, the exclusive remedy provision is now inapplicable.

However, it is well settled that the workers' compensation law does not provide compensation for an illness or disease not caused or aggravated by working conditions. *Kostamo v Marquette Iron Mining Co,* 405 Mich 105, 116; 274 NW2d 411 (1979). The plaintiff has the burden of proving causation. *Young v K mart Corp,* 123 Mich App 789, 795; 333 NW2d 359 (1983), *lv den* 417 Mich 1100.30 (1983). Heart damage such as that which would result from a heart attack is compensable if linked by sufficient evidence to the work place. *Miklik v Michigan Special Machine Co,* 415 Mich 364, 368; 329 NW2d 713 (1982). In *Kostamo, supra,*

pp 124-125, the Court affirmed a finding by the Workers' Compensation Appeal Board that plaintiff did not sustain her burden of proving the causal relationship between decedent's work activity and the heart attack from which he died.

Thus plaintiff's allegation that the judge decided her husband's death did not arise out of or during the course of his employment so she was not subject to the exclusive remedy provision of the Worker's Disability Compensation Act is not entirely accurate. There are no such conclusions contained in the judge's ruling. Since the parties stipulated that the same issue of causation present in *Kostamo, supra,* was before the hearing officer in the present case, the ruling that "plaintiff did not sustain her burden of proof" more likely means that, although her claim was within the purview of the Worker's Disability Compensation Act, she failed to establish that she was entitled to compensation. It does not mean that she was thus able to escape the exclusive remedy provision merely because she could not collect.

"The fact that plaintiff may not actually be entitled to receive compensation benefits does not give her the right to maintain [a] common-law action [against her employer]. * * * If the WDCA covers the kind of injury suffered, the act remedy is exclusive even though under the facts of the particular case no compensation is payable." *McKinley v Holiday Inn,* 115 Mich App 160, 162-163; 320 NW2d 329 (1982), *lv den* 417 Mich 890 (1983).

To hold that the Worker's Disability Compensation Act does not apply simply because plaintiff does not fall under the conditions of recovery, so that plaintiff should be permitted to go to court on a common-law negligence theory, is contrary to the

intent of the Legislature in creating the act. *Szydlowski, supra; Herman v Theis,* 10 Mich App 684, 688; 160 NW2d 365 (1968).

Nor do we agree that, by characterizing the action brought in circuit court as one for medical malpractice, plaintiff can avoid the exclusive remedy rule of the workers' compensation statute. The applicability of the exclusive remedy provision of the act turns not upon the characterization of the asserted cause of action but upon whether the employee has a right to recover benefits under the act. *Slayton v Michigan Host, Inc,* 122 Mich App 411, 415; 332 NW2d 498 (1983). In her circuit court action, plaintiff is alleging liability against the defendant on a theory different than that which she brought before the Bureau of Workers' Disability Compensation. Her complaint would hold defendant liable for the negligence of its employee, the nurse, for failing to recognize decedent's symptoms as indicative of a heart attack and to treat him accordingly. Laying aside the causation question, the threshold question is whether this claim is so clearly based on a relationship other than employer-employee that the cause of action may be commenced in circuit court without an initial determination by the bureau. *Genson, supra,* p 475.

Unlike other cases which have wrestled with this problem, in this case we have the answer in the statute itself. According to MCL 418.827(1); MSA 17.237(827)(1), also known as the coemployee provision, an injured employee may bring actions for damages only against "some person other than a natural person in the same employ or the employer". *Fidelity & Casualty Co of New York v DeSchone,* 384 Mich 686; 187 NW2d 215 (1971). The exclusive remedy and coemployee provisions

bar a suit against an employer for the negligence of a coemployee acting within the scope of employment. *Holody v Detroit,* 117 Mich App 76; 323 NW2d 599 (1982), *lv den* 417 Mich 931 (1983).

Whether the nurse in this case was also an employee of defendant, and whether she was acting within the scope of her employment, have not been established in this case. Plaintiff refers to the nurse in her complaint as one of defendant's "agents, servants, and/or employees". We do not know whether proofs were taken on these points by the hearing officer. Rather than permit plaintiff to proceed with this case, we prefer to adopt plaintiff's suggestion that we ask the circuit court to hold this case in abeyance pending the outcome of plaintiff's appeal to the WCAB. If the WCAB compensates her, she of course will not be allowed to pursue the circuit court action. If the WCAB denies her claim, plaintiff may proceed with this action. If she is able to prove that the nurse was not an employee of defendant, the action may continue. The test used by this Court in *Fletcher v Harafajee,* 100 Mich App 440, 444-445; 299 NW2d 53 (1980), for determining whether attendant medical personnel are coemployees, may be helpful in this regard. However, as discussed above, if the nurse was a coemployee acting within the scope of her employment, the circuit court has no jurisdiction over plaintiff's claim; in such a case, grant of a motion for accelerated judgment would be entirely proper. See *Sewell v Clearing Machine Corp,* 419 Mich 56; 347 NW2d 447 (1984).

Reversed and remanded with instructions to hold the case in abeyance pending the outcome of plaintiff's appeal to the Workers' Compensation Appeal Board.