## BEAUCHAMP v DOW CHEMICAL COMPANY

Docket No. 69429. Submitted October 4, 1983, at Marquette.—Decided September 20, 1984.

Ronald Beauchamp and his wife, Karen Beauchamp, filed suit against Dow Chemical Company, Ronald's employer, in Iron Circuit Court seeking damages for injuries arising out of Ronald Beauchamp's exposure to chemicals on the job. The court, Robert V. Payant, J., held that plaintiffs' exclusive remedy was to proceed under the Worker's Disability Compensation Act and granted summary judgment to defendant. Plaintiffs appealed. *Held:*

1. The trial court correctly granted summary judgment as to the first two allegations in plaintiffs' complaint but erred in granting it as to the third allegation, the distinction being that the first two allegations do not set forth true intentional torts while the third allegation does set forth true intentional torts. The exclusive remedy provision of the Worker's Disability Compensation Act does not bar recovery in circuit court for an injury arising from an intentional tort.

2. The court also erred in granting summary judgment in favor of defendant as to plaintiffs' final allegation. That allegation, involving a breach of contract claim, is also outside the scope of the Worker's Disability Compensation Act. Plaintiffs are entitled to the damages ordinarily available for intentional infliction of emotional distress and breach of contract. They may not recover twice for those damages compensable under workers' compensation.

Affirmed in part and reversed in part.

J. H. GILLIS, J., dissented. He would hold that all plaintiffs' allegations fall within the exclusive remedy provision of the Worker's Disability Compensation Act and would, therefore, affirm the trial court's grant of summary judgment in favor of

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 81 Am Jur 2d, Workmen's Compensation §§ 55, 58.

What conduct is willful, intentional, or deliberate within workmen's compensation act provision authorizing tort action for such conduct. 96 ALR3d 1064.

[3] 81 Am Jur 2d, Workmen's Compensation § 56.

defendant. He rejects the "intentional torts" exception to the exclusive remedy provision of the act.

OPINION OF THE COURT

1. TORTS — INTENTIONAL TORTS — WORKERS' COMPENSATION — REMEDIES.

An employee may bring suit against his employer despite the exclusive remedy provision of the Worker's Disability Compensation Act where the employer is alleged to have intended the injury itself, not merely the act leading to the injury; the exclusive remedy provision of the act does not bar recovery in circuit court for an injury arising from an intentional tort (MCL 418.131; MSA 17.237[131]).

2. TORTS — INTENTIONAL TORTS — WORKERS' COMPENSATION — REMEDIES.

An employee must allege that his employer intended the injury itself and not merely the activity leading to the injury in order to allege an intentional tort outside the exclusive remedy provision of the Worker's Disability Compensation Act (MCL 418.131; MSA 17.237[131]).

3. WORKERS' COMPENSATION — EXCLUSIVE REMEDY PROVISION — CONTRACTS — BREACH OF EMPLOYMENT CONTRACT.

A claim by an employee against his employer for physical and mental injuries and damages created by the employer's alleged breach of an employment contract cannot be classified as a claim for industrial injuries within the meaning of the Worker's Disability Compensation Act and is not barred by the exclusive-remedy provision of the act (MCL 418.131; MSA 17.237[131]).

DISSENT BY J. H. GILLIS, J.

4. WORKERS' COMPENSATION — EXCLUSIVE REMEDY PROVISION — INTENTIONAL TORTS.

*A separate exception to the exclusive remedy provision of the Worker's Disability Compensation Act has not been created for intentional torts; the proper focus in cases where the applicability of the exclusive remedy provision is raised is on whether the injuries themselves fall within the purview of the act, irrespective of the nature of the employer's acts; an employee's injuries fall within the purview of the act if the following three questions can be answered in the affirmative: (1) Were the conditions of liability under the act present at the time of the employee's injury?; (2) Is the employee seeking to recover damages for personal injuries?; and (3) Is the employee's suit*

*based upon the employer-employee relationship? (MCL 418.131; MSA 17.237[131]).*

*Steve J. Polich, P.C.* (by *Roy P. Polich*) for plaintiff.

*McNeil, Mouw, Celello & Torreano* (by *John A. Torreano*), for defendant.

Before: R. M. MAHER, P.J., and J. H. GILLIS and GRIBBS, JJ.

PER CURIAM. Plaintiffs appeal as of right from the trial court's order granting defendant's motion for summary judgment pursuant to GCR 1963, 117.2(1).[1] Plaintiffs had sued defendant in circuit court for damages arising from plaintiff Ronald Beauchamp's exposure to chemicals on the job. In their complaint, plaintiffs alleged (1) "That defendant * * * intentionally misrepresented and fraudulently concealed the potential danger to plaintiff, Ron Beauchamp's, physical well being from exposure to said chemical[s]"; (2) "That defendant * * * intentionally assaulted plaintiff, Ronald Beauchamp, exposing him to said dangerous chemicals without his knowledge and/or consent"; (3) "That defendant * * * committed the extreme and outrageous act of exposing plaintiff, Ronald Beauchamp, to said chemicals" and "That defendant * * * had knowledge of the dangerous potential of exposure to said chemicals and, therefore, intended to inflict plaintiff * * * with severe emotional distress"; and (4) "As part of plaintiff, Ronald Beauchamp's, contract of employment, Dow Chemical Company, agreed to provide safe working conditions" and "That allowing plaintiff * * * to be exposed to said chemicals was a breach of said employment con-

---

[1] Defendant's motion should, more properly, have been for accelerated judgment pursuant to GCR 1963, 116.1(2).

tract". The trial court held that plaintiffs' exclusive remedy was pursuant to the Worker's Disability Compensation Act, MCL 418.131; MSA 17.237(131), and granted summary judgment to defendant.

We believe that the trial court correctly granted summary judgment as to the first two allegations but erred in granting it as to the second pair. This holding is premised on our understanding that an allegation of a "true" intentional tort is not within the exclusive remedy provision of the WDCA. In so interpreting the WDCA, we join in the position of Judge T. M. BURNS, as expressed in his concurrence in *Barnes v Double Seal Glass Co, Inc,* 129 Mich App 66, 78; 341 NW2d 812 (1983).

Various panels of this Court have held that the exclusive remedy provision of the WDCA does not bar recovery in circuit court for an injury arising from an intentional tort. *Seals v Henry Ford Hospital,* 123 Mich App 329; 333 NW2d 272 (1983); *Kissinger v Mannor,* 92 Mich App 572; 285 NW2d 214 (1979); *Broaddus v Ferndale Fastener Div, Ring Screw Works,* 84 Mich App 593; 269 NW2d 689 (1978), *lv den* 403 Mich 850 (1978). However, as discussed in Judge BURNS' concurrence in *Barnes,* merely because the plaintiff has alleged what he claims to be an intentional tort does not mean that the plaintiff is therefore automatically outside the act. *Genson v Bofors-Lakeway, Inc,* 122 Mich App 470; 332 NW2d 507 (1983). For instance, in a suit against an employer, the injured employee may not merely claim that the employer intentionally injured him when the gravamen of the suit is a claim of assault against co-workers acting independently of the employer. Unless the employee alleges that the employer *intended* the co-workers to assault the employee, the complaint in essence alleges only that the employer was

*negligent* in permitting the assault. Such a claim properly belongs within the exclusive remedy provision of the WDCA. See *Burgess v Holloway Construction Co,* 123 Mich App 505; 332 NW2d 584 (1983), and *McKinley v Holiday Inn,* 115 Mich App 160; 320 NW2d 329 (1982), *lv den* 417 Mich 890 (1983). "In order to allege an intentional tort outside the act, the plaintiff must allege that the employer intended the injury itself and not merely the activity leading to the injury." *Barnes, supra,* 129 Mich App 80.

In applying this standard to the allegations made in this case, we find that the first allegation alleges only that defendant intentionally concealed the potential danger of exposure to chemicals from plaintiff. While an intentional *act* is alleged, an intentional *tort* is not. There is no allegation that defendant intentionally concealed the danger with the intent to injure plaintiff. The same criticism applies to the second allegation. While an assault is an intentional tort, plaintiff's specific description of the "assault" reduces it to a claim of intentional exposure to chemicals without the plaintiff's knowledge or consent.[2] However, the third allegation clearly alleges both an intentional act by the employer *and* an intentional injury caused by that act. Because this allegation properly alleges an intentional tort, we hold that it is not barred by the exclusive remedy provision of the WDCA and may be brought in circuit court. This holding is supported by prior decisions of this Court. *Broaddus, supra,* and *Slayton v Michigan Host, Inc,* 122 Mich App 411; 332 NW2d 498 (1983).

Plaintiffs' final allegation is a count of breach of contract. This claim, like a claim of sex discrimi-

---

[2] Almost identical claims were rejected in *Genson, supra,* and *Cole v Dow Chemical Co,* 112 Mich App 198; 315 NW2d 565 (1982), *lv den* 417 Mich 889 (1983).

nation, is clearly outside the scope of the WDCA. *Slayton, supra; Pacheco v Clifton,* 109 Mich App 563; 311 NW2d 801 (1981), *lv gtd* 417 Mich 888 (1983), and *Stimson v Michigan Bell Telephone Co,* 77 Mich App 361; 258 NW2d 227 (1977). The distinction between contractual claims and claims properly brought within the WDCA was accurately made in *Milton v Oakland County,* 50 Mich App 279, 283-284; 213 NW2d 250 (1973):

"In *Sheppard v Michigan National Bank,* 348 Mich 577; 83 NW2d 614 (1957), the Court articulated the purpose of the act as providing a method of compensating workmen for industrial injuries upon the basis of trade risks relating to the industry and charged as a part of the cost to it. Similarly, the Court in *Crilly v Ballou,* 353 Mich 303, 308; 91 NW2d 493, 496 (1958), stated:

" 'The consuming public, not charity, public or private, must foot the bill for *work-incurred injuries.'* (Emphasis added.)

"Thus, we are struck with the obvious that the Workmen's Compensation Act is designed to compensate physical and mental work-related injuries.

"A review of plaintiff's various claims in his civil suit against defendant reveal a combination of physical or mental injuries and damages created by defendant's alleged breach of the employment contract for violation of the governing merit system. It is beyond question that plaintiff's claims falling within this latter category, if proved, cannot be classified as industrial injuries within the meaning of the Workmen's Compensation Act. While plaintiff's alleged injuries for muscle fatigue and mental depression fall within the act as his exclusive remedy, plaintiff has a right to judicial review of his claims for additional compensation, improper discharge, and violation of the merit-system rules. The distinction between compensation for industrial injuries and damages arising from the employment relationship which are contractual in nature is undeniable." (Footnotes omitted.)

We concur in this analysis and would reverse the trial court as to counts III and IV of plaintiffs' complaint. Plaintiffs are entitled to the damages ordinarily available for intentional infliction of emotional distress and breach of contract, although they may not recover twice for those damages compensable in workers' compensation.

Affirmed in part and reversed in part.

J. H. GILLIS, J. *(dissenting).* I dissent. Although artfully drafted to appear otherwise, plaintiffs' complaint seeks recovery for personal injuries which fall within the exclusive remedy provision of the Worker's Disability Compensation Act, MCL 418.131; MSA 17.237(131). I would therefore affirm the trial court's grant of summary judgment in favor of the defendant.

I base my conclusion in part upon my skepticism regarding the so-called "intentional torts" exception to the exclusive remedy provision of the WDCA. While I recognize that support exists in some of the decisions of this Court for such an exception, *Kissinger v Mannor,* 92 Mich App 572; 285 NW2d 214 (1979), I would agree that the statement of support contained in *Kissinger* for such an exception "has little precedential value because it is expressly limited to an intentional tort such as the one then before the Court and because the Court was careful to point out that the case fell within other exceptions to the exclusive remedy provision". *Genson v Bofors-Lakeway, Inc,* 122 Mich App 470, 477; 332 NW2d 507 (1983). I agree with the *Genson* Court's conclusion that:

"We cannot say either that the Legislature clearly intended a separate exception for intentional torts not falling within one of the other exceptions or that public policy so clearly requires such a result as to justify our

creation of a legal fiction. We decline to create a separate exception to the exclusive remedy provision for intentional torts." *Genson,* p 478.

The proper focus in cases where the applicability of the exclusive remedy provision is raised is on " 'whether the injuries themselves fall *[sic]* within the purview of the act, irrespective of the nature of the employer's acts' ". *Barnes v Double Seal Glass Co, Inc,* 129 Mich App 66, 73; 341 NW2d 812 (1983), citing *Sewell v Bathey Manufacturing Co,* 103 Mich App 732, 737-738; 303 NW2d 876 (1981). See also *Genson, supra; Slayton v Michigan Host, Inc,* 122 Mich App 411; 332 NW2d 498 (1983). More specifically, I would reaffirm the questions proposed in *Neal v Roura Iron Works, Inc,* 66 Mich App 273, 275; 238 NW2d 837 (1975), as the proper method to resolve this issue:

"(1) Were the 'conditions of liability under the act' present at the time of plaintiff's injury?, (2) Is plaintiff seeking to recover damages for personal injuries?, and (3) Is plaintiff's suit based upon the employer-employee relationship?" *Neal,* p 275.

Under this test, it is clear that even the third and fourth counts of the plaintiffs' complaint are barred by the exclusive remedy provision. Obviously, the suit is based upon the employer-employee relationship. It is also clear that, even under the breach of contract claim, plaintiffs are seeking to recover damages for personal injuries within the contemplation of the WDCA. Under both counts, plaintiffs seek damages because the claimant "has been physically and mentally affected" by the chemical exposure, "causing numerous bodily malfunctions".

In conclusion, I repeat my observations at the outset. Plaintiffs' complaint is nothing more than

DISSENT BY J. H. GILLIS, J.

a clever and artful attempt to avoid the exclusive remedy provision's bar to the maintenance of a civil action. Plaintiffs seek recovery for personal injuries which arose out of and in the course of the employment, and thus I would affirm the judgment of the trial court.